### TRESCOTT v. WHITE.

(Circuit Court of Appeals, Seventh Circuit. January 7, 1926. Rehearing Denied March 9, 1926.)

No. 3640.

1. **Judgment** ⚖⟾596—Actions for installments falling due at different times on same contract are on different causes of action; so judgment for plaintiff in first action is not res judicata on issues not presented or decided therein.

Action for installments of royalties falling due subsequent to bringing of action for prior installments, in which plaintiff had judgment, though on the same contract, is on a different cause of action, so that the judgment is not res judicata as to whether the contract was terminated subsequent to accrual of the installments first sued for, nor as to whether the contract was invalid for fraud; that issue not having been presented or decided in the first case.

2. **Judgment** ⚖⟾622(2).

Defendant, not pleading his cross-demand for cancellation of the contract on which plaintiff sued for fraud, is not concluded by the judgment for plaintiff from subsequently asserting such demand.

In Error to the District Court of the United States for the Western District of Wisconsin.

Action by Gertrude C. Trescott, executrix of Charles B. Trescott, deceased, against Stamford White. Judgment for defendant, and plaintiff brings error. Affirmed.

George C. Otto, of Chicago, Ill., for plaintiff in error.

H. H. Thomas, of Madison, Wis., for defendant in error.

Before ALSCHULER, PAGE, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. Plaintiff in error's decedent brought this suit to recover royalties upon a contract between him and defendant in error dated December 31, 1919. By this contract Trescott granted to White the exclusive right to operate under certain patents, and in consideration thereof White' agreed to pay a minimum royalty of $5,000 per year, in equal monthly installments the first year, and in equal quarterly installments 15 days after the close of each quarter thereafter. Some installments were paid, but not all, and on November 29, 1922, Trescott brought suit, in the circuit court of Cook county, Ill., against White, to recover $6,750 as the then overdue and unpaid remainder of the minimum royalty contracted to be paid. The amount sued for was the amount claimed up to and including the quarter ending September 30, 1922. The case was tried and resulted in a verdict and judgment for Trescott for $3,000.

On February 15, 1924, Trescott filed his complaint against White, in the court below, for the minimum royalty claimed to be due at that time; that is, the quarterly installments for the last quarter of 1922 and all quarters of 1923. To this complaint White answered that on October 14, 1922, he had, as it was provided in the contract he might do, canceled the contract, and that there was nothing due Trescott for the quarters sued for, and, further answering, by way of counterclaim, averred that he was induced to enter into the contract by false representations, that he had paid certain royalties under the contract before he learned of the fraud practiced upon him, and asked to recover these payments back. Trescott filed his reply to the counterclaim in two paragraphs. The first was a denial. In the second he set up the proceedings and judgment in the Cook county case, averring that suit in that case was "on the same contract declared upon in the present suit, to recover for the then remainder of the installments of the minimum royalty accrued under the said contract to the end of the month of September, 1922"; that White filed in said former suit "a plea of the general issue, concluding to the country," and that the plaintiff filed in said former suit "a similiter to said plea"; that said suit resulted in a verdict and judgment for "the then remainder of the said minimum royalties accrued under said contract to the end of the month of September, 1922"; and concluding "that the defendant is estopped in this action from disputing the validity of the said contract, and from disputing for any reason based upon the validity of the said contract the right of plaintiff to recover from the defendant the minimum royalties sued for in this suit." Upon the issues thus formed the case was submitted to the jury, which returned a verdict for White for $3,333.28, and he had judgment accordingly.

[1, 2] Plaintiff in error insists that the judgment in the Cook county case is res adjudicata as to matters involved in this case. A judgment rendered upon the merits in a suit between the same parties upon the same cause of action is a finality, not only as to every matter put in issue in the cause, but also as to every matter which might have been put in issue therein. But when the second action between the same parties is upon a different claim or demand, the judgment in the prior action "operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered." Cromwell v. Sac County, 94 U. S. 351, 24 L. Ed. 195. The Cook county suit was for installments of royalty up to and including the quarter ending September 30, 1922. The present suit is for royalties accruing subsequent to that time. When money is payable by installments, a distinct cause of action arises upon the falling due of each installment. While the installments which are due at the time of bringing the suit cannot be split up for the purpose of bringing more than one suit, all that are due are considered as one entire indivisible cause of action. While the suits are upon the same contract (as averred in the reply), they are not for the same cause of action.

The issues presented and tried in the case at bar were two: First, White, admitting the execution of the contract, insisted that he had canceled it, under its terms, on October 14, 1922, and had thus terminated his liability to pay any further royalties under it, and therefore was not liable for the royal-

ties sued on, which had accrued since the cancellation; and, second, that he was induced to enter into the contract by fraud and had paid certain royalties in ignorance of it.

The first contention, that the contract had been terminated October 14, 1922, was not in issue in the Cook county case. It could not have affected the liability for installments coming due before the cancellation and in so far as the matters, which it was claimed amounted to a cancellation, came into the Cook county case, they came in incidentally only. The question whether there had been a termination of the contract on October 14, 1922, could not be in any way involved in an adjudication as to liability for installments accruing before October 1, 1922. Nor was the issue as to the fraud which White claimed was practiced upon him and his ignorance of it, at the time he paid royalties, either presented or decided in the Cook county case. While there is some disagreement as to whether a defendant, by pleading his cross-demand, is concluded by the judgment from bringing a subsequent suit upon it, "the authorities agree that he is not concluded by the judgment, if he does not plead his cross-demand, and that whether he shall do so or not is left wholly to his choice." Merchants' Heat & Light Co. v. J. B. Clow & Sons, 27 S. Ct. 285, 204 U. S. 286, 51 L. Ed. 488. The insistence that material questions in this case were determined in the Cook county case *against* the present contentions of White is not supported by the record.

The remaining questions discussed relate to the answer of cancellation and the counterclaim. Upon the answer of cancellation, the principal point in dispute was whether Trescott had waived the payment of royalties then due. The contract provided that White might cancel upon notice and payment. Notice was given, but payment was not then made. White claimed that Trescott had agreed to wait for payment until certain matters were determined; that payment at that time, as a condition of cancellation, was waived. This issue was fully covered by the court's instructions. Upon the counterclaim the jury was correctly instructed as to the alleged false representations made to induce White to enter into the contract, his reliance upon them, and his right to recover because of the fraud. There is evidence in the record sufficient to sustain the verdict of the jury on both issues.

An examination of the whole record satisfies us that substantial justice has been done, and the judgment is affirmed.