**TAYLOR v. IRVIN W. MASTERS, Inc.**
Civil Action No. 7083.

District Court, D. New Jersey.
Dec. 3, 1947.

George H. Rosenstein of Newark, N. J., (Louis B. Brodsky and Kalman I. Nulman, both of New York City, of counsel), for plaintiff.

Haines, Chanalis, Lynch & Maloney, of Newark, N. J. (Patrick J. Maloney, of Newark, N. J., and Walter G. Winne, of Hackensack, N. J., of counsel), for defendant.

MEANEY, District Judge.

This matter is now before the court on defendant's motion for judgment on the pleadings and proofs.

The suit was instituted by plaintiff to recover the sum of $40,000, representing commissions of 5% based upon certain agreements entered into between this plaintiff and Irvin W. Masters, the defendant's predecessor.

Plaintiff originally entered the employ of Irvin W. Masters by an agreement in writing, in the form of a letter, on December 12, 1941, the pertinent provisions of which were that plaintiff would act as the selling representative of the said Masters, for which the plaintiff was to receive a 5% commission on all sales, the commissions to be payable on the 10th day of each month following the date of invoices on shipments.

The parties operated under this agreement until August 28, 1942, on which date Masters wrote to plaintiff giving 90 days notice of termination of the contract, as provided, and at the same time stating that a new contract, would be drawn. Meanwhile, in order to clarify plaintiff's status with certain government agencies, a new contract, predated to December 12, 1941, was executed by plaintiff on November 9, 1942.

On the following May 6, 1943, the defendant corporation which, as successor to Masters, had taken over the business and assumed all obligations thereof, wrote a letter to plaintiff in which there was stated, among other things, the following:

"7. After careful consideration, we have decided as follows:

"(a) To credit to you all sales made by you from the termination of our agreement to the date of this letter on the basis of 5%.

"(b) To continue as by our present arrangement to send you $1,500.00 per month on account on sales to date, retaining the balance to your credit pending termination of whatever may be ultimately found due to you at the conclusion of the renegotiation for the period from October 31, 1942, to October 31, 1943.

"(c) Compensation for sales from this date forward should be determined by mutual agreement between us, and on a basis that will most likely be satisfactory to the Price Adjustment Section. Obviously, the present Price Adjustment Section representatives cannot commit themselves or their successors to any future renegotiation. It has been suggested that a net income of $15,000 to $20,000 for a salesman may be justified if commensurate service is rendered."

Plaintiff continued to be employed thereafter, until at least the following December 8, 1943, when plaintiff instituted an action in the Supreme Court of the State of New York. On February 2, 1944, a judgment for plaintiff was entered in the sum of $47,081.89. The judgment was arrived at by crediting plaintiff with commissions on sales made by plaintiff for defendant up to May 6, 1943, and also on shipments made by the defendant to plaintiff's accounts subsequent to May 6, 1943, to and including December 31, 1943, on orders placed prior to May 6, 1943. The judgment did not include commissions on any orders received by defendant subsequent to May 6, 1943, and shipped prior to December 31, 1943.

In the present action, plaintiff seeks to recover for commissions on sales procured by him or through his efforts and shipped by the defendant between May 6, 1943, and December 10, 1944, when it is alleged by the plaintiff the contract was terminated.

The matter came on before this court on defendant's motion for judgment on the pleadings and proofs, on the grounds that the judgment of the New York Supreme Court is res adjudicata herein, that the plaintiff is barred in this suit under the doctrine of election of remedies and additionally under the circumstances the plaintiff is now estopped from prosecuting a further action for commissions for the period subsequent to May 6, 1943.

During the course of the oral hearing the broad scope of the questions at issue was narrowed and the motion resolved itself into the more confined question of whether or not the judgment in New York is res adjudicata as to all commissions on all orders, whether received before or after May 6, 1943, provided the deliveries were made before December 31, 1943.

It is apparent from the foregoing brief recital, that for whatever may have been the reason, when plaintiff instituted suit on December 8, 1943, in New York, he did not include commissions on orders placed by his customers subsequent to May 6, 1943, and shipped to his accounts between that date and December 31, 1943.

Since these commissions represented claims then due which could have been included in the action in New York, defendant asserts that plaintiff is now precluded from asserting such claim in the instant suit.

The defense is well taken, but is a bar to this action only insofar as it applies to claims for commissions that were due on shipments made prior to December 31, 1943. Those commissions that became due subsequent to that date obviously could not have been included in the earlier suit and are not barred by the judgment rendered therein.

In the New York case, all claims for commissions alleged arose out of the same contract and *all claims then due* under such contract constitute an entire and indivisible cause of action even though each commission as it is earned constitutes a distinct cause of action. The installments which are due at the time of bringing suit cannot be split up for the purpose of bringing more than one suit. All that are due are considered as one entire and single cause of action. Trescott v. White, 7 Cir., 11 F.2d, 845.

It was, therefore, incumbent upon the plaintiff to include all claims against this defendant for commissions arising out of the same contract and due at the date of the bringing of the first suit.

It further appears, however, that the judgment rendered in the earlier action was, by agreement of the parties, limited to commissions due to the plaintiff for the period ending December 31, 1943. That date is controlling insofar as the bar to further assertion of claims due at the time of the first suit is concerned.

Claims arising subsequent to the New York suit and the date noted above, obviously could not have been included.

Moreover, while the claims due subsequent to that date arose out of the same contract, they are not for the same cause of action and the judgment in the prior suit is no bar to the present suit for those claims.

Accordingly, there remains only the question of what was due for shipments made subsequent to December 31, 1943, on the orders secured both before and after May 6, 1943.

An order in accordance with the above may be submitted.