## MERCHANTS HEAT AND LIGHT COMPANY *v.* J. B. CLOW & SONS.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
NORTHERN DISTRICT OF ILLINOIS.

No. 118.    Argued January 15, 1907.—Decided January 28, 1907.

While a non-resident defendant corporation may not lose its right of objecting to the jurisdiction of the court on the ground of insufficient service of process by pleading to the merits pursuant to order of the court after objections overruled, it does waive its objections and submits to the jurisdiction if it also sets up a counterclaim even though it be one arising wholly out of the transaction sued upon by plaintiff and in the nature of recoupment rather than set-off.

At common law, as the doctrine has been developed, a demand in recoupment is recognized as a cross demand as distinguished from a defense.

THE facts are stated in the opinion.

*Mr. W. H. H. Miller*, with whom *Mr. James W. Fesler*, *Mr. C. C. Shirley* and *Mr. Samuel D. Miller* were on the brief, for plaintiff in error:

While Schott was buying material to be used in˙ the con-

struction of defendant's plant, which was purely local, at Indianapolis, and while he was using the credit of the company in making such purchases, yet he was, in fact, an independent contractor, and as between him and the plaintiff the company was his surety only.

The mere purchasing of materials or other work he is found to have been doing in this matter in Chicago was not doing business for defendant in Illinois, in the sense of the statute and decisions, necessary to give jurisdiction. What is meant by that statute is that the foreign corporation is doing some part of the business it was organized to carry on, some part of the business which it has no right to do in a foreign State except by the procuring a license so to do.

In order to authorize service upon an agent of a foreign corporation found within the State, such agent must be there doing business for his corporation. *Goldey* v. *Morning News*, 156 U. S. 518; *Conley* v. *Mathieson Alkali Works*, 190 U. S. 406; *Lumberman Ins. Co.* v. *Meyor*, 197 U. S. 407.

It is not enough that one be an officer of the company, or an agent; but he must be an officer or agent engaged in the business of the company in the State where the service is sought to be made effective. The question then arises in what *kind* of business of the company he must be engaged. Not every transaction in the State in the way of business will authorize service. The business done must be something in the line of that for which the corporation was organized. *Central Grain Co.* v. *Board of Trade &c.*, 125 Fed. Rep. 463; *N. K. Fairbanks & Co.* v. *Cin. &c. Ry. Co.*, 54 Fed. Rep. 420; *Wall* v. *Chesapeake &c. R. R. Co.*, 95 Fed. Rep. 398; *Fitzgerald Co.* v. *Fitzgerald*, 137 U. S. 98; *St. Clair* v. *Cox*, 106 U. S. 350; *New England Mut. Life Ins. Co.* v. *Woodworth*, 111 U. S. 138; *St. Louis Wire Mill Co.* v. *Consolidated Barbed Wire Co.*, 32 Fed. Rep. 802; *Good-Hope Co.* v. *Ry. Barbed Fencing Co.*, 22 Fed. Rep. 635; *United States* v. *Telephone Co.*, 29 Fed. Rep. 37–41; *Maxwell* v. *Atchison &c. R. R. Co.*, 34 Fed. Rep. 286; *Weller* v. *Penna. R. R. Co.*, 113 Fed. Rep. 502.

As to the contention that the plaintiff in error by pleading a set-off in an amount greater than the defendant in error's claim thereby waived all objections to the jurisdiction, where a party once makes objection to the jurisdiction and reserves a right thereunder, he does not waive an illegality in the service if, after said motion is denied, he answers to the merits. Set-off is certainly part of the answer to the merits and is no waiver. *Central Grain Co.* v. *Board of Trade,* 125 Fed. Rep. 463; *Lowden* v. *American Co.,* 127 Fed. Rep. 1008.

*Mr. Newton Wyeth,* with whom *Mr. Warren B. Wilson* and *Mr. Walter L. Fisher* were on the brief, for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

THIS case comes up on the single question of the jurisdiction of the Circuit Court, which was saved by bill of exceptions and stipulation, and which is certified to this court. The defendant in error, the original plaintiff, and hereafter called plaintiff, is an Illinois corporation; the plaintiff in error is a purely local Indiana corporation, organized for the furnishing of heat, light and power in Indianapolis. The questions are whether the service of the writ was good, *Board of Trade* v. *Hammond Elevator Co.,* 198 U. S. 424, 435, or, if not, whether the defendant submitted to the jurisdiction. The material facts are these: The service was upon one Schott in Chicago. By the laws of Illinois a foreign corporation may be served with process by leaving a copy with its general agent, or with any agent of the company. Schott had an entire contract with the defendant by which he was to build and equip the plant, assume general management of it, and operate it for the company until fully completed, "approve contracts therefor," certify bills, and have the heating plant ready for service on December 1, 1902, and finally finished by July 1, 1903. Schott was acting as general manager under this contract at the date of service, March 23, 1903, and did any purchasing

required for the company in Illinois. In the same capacity he made the contract sued upon, which was for materials to be used for equipping the plant. He made it in the city of Chicago. After the suit was begun, a motion to quash the return of service was made and overruled, and thereupon the defendants, after excepting, appeared, as ordered, and pleaded the general issue and also a recoupment or set-off of damages under the same contract, and overcharges, in excess of the amount ultimately found due to the plaintiff. There was a finding for the plaintiff of $9,082.21.

It is tacitly conceded that the provision as to service does not apply unless the foreign corporation was doing business in the State. If it was, then, under the decisions of this court, it would be taken to have assented to the condition upon which alone it lawfully could transact such business there. *Old Wayne Mutual Life Association* v. *McDonough,* decided January 7, 1907, *ante,* p. 8. Whether the purchase of materials for the construction or equipment of its plant, as a preliminary to doing its regular and proper business, which necessarily would be transacted elsewhere in the State of its incorporation, is doing business, within the meaning of the Illinois statute, was argued at length and presents a question upon which the decisions of the lower courts seem not to have agreed. We shall intimate no opinion either way, because it is not necessary for the decision of the case in view of the submission to the jurisdiction which the facts disclose.

We assume that the defendant lost no rights by pleading to the merits, as required, after saving its rights. *Harkness* v. *Hyde,* 98 U. S. 476; *Southern Pacific Co.* v. *Denton,* 146 U. S. 202. But by setting up its counterclaim the defendant became a plaintiff in its turn, invoked the jurisdiction of the court in the same action and by invoking submitted to it. It is true that the counterclaim seems to have arisen wholly out of the same transaction that the plaintiff sued upon, and so to have been in recoupment rather than in set-off proper. But even at common law, since the doctrine has been developed,

a demand in recoupment is recognized as a cross demand as distinguished from a defense. Therefore, although there has been a difference of opinion as to whether a defendant by pleading it is concluded by the judgment from bringing a subsequent suit for the residue of his claim, a judgment in his favor being impossible at common law, the authorities agree that he is not concluded by the judgment if he does not plead his cross demand, and that whether he shall do so or not is left wholly to his choice. *Davis* v. *Hedges*, L. R. 6 Q. B. 687; *Mondel* v. *Steel*, 8 M. & W. 858, 872; *O'Connor* v. *Varney*, 10 Gray, 231. This single fact shows that the defendant, if he elects to sue upon his claim in the action against him, assumes the position of an actor and must take the consequences. The right to do so is of modern growth, and is merely a convenience that saves bringing another suit, not a necessity of the defense.

If, as would seem and as was assumed by the form of pleading, the counterclaim was within the Illinois statute, *Charnley* v. *Sibley*, 73 Fed. Rep. 980, 982, the case is still stronger. For by that statute the defendant may get a verdict and a judgment in his favor if it appears that the plaintiff is indebted to him for a balance when the two claims are set against each other; and after the cross claim is set up the plaintiff is not permitted to dismiss his suit without the consent of the defendant or leave of court granted for cause shown. Illinois Rev. Stats., c. 110, §§ 30, 31; *East St. Louis* v. *Thomas*, 102 Illinois, 453, 458; *Butler* v. *Cornell*, 148 Illinois, 276, 279.

There is some difference in the decisions as to when a defendant becomes so far an actor as to submit to the jurisdiction, but we are aware of none as to the proposition that when he does become an actor in a proper sense he submits. *De Lima* v. *Bidwell*, 182 U. S. 1, 174; *Fisher* v. *Shropshire*, 147 U. S. 133, 145; *Farmer* v. *National Life Association*, 138 N. Y. 265, 270. As we have said, there is no question at the present day that, by an answer in recoupment, the defendant makes himself an actor, and to the extent of his claim, a cross plaintiff in the suit. See *Kelly* v. *Garrett*, 1 Gilm. (Ill.) 649, 652; *Ellis*

v. *Cothram,* 117 Illinois, 458, 461; *Cox* v. *Jordan,* 86 Illinois, 560, 565.

*Judgment affirmed.*

Mr. Justice Brewer, Mr. Justice Peckham and Mr. Justice Day dissent.