## FEDERAL COAL CO. v. LIBERTY COAL & COKE CO.

Circuit Court of Appeals, Sixth Circuit. January 10, 1928.

No. 4856.

**Courts ☞37(3)—Filing of cross-bill held waiver of objection to jurisdiction.**

Defendant, by filing a cross-bill, relating to the same subject-matter as complainant's bill, and asking affirmative relief, waives any question of venue.

Appeal from the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Suit in equity by the Liberty Coal & Coke Company against the Federal Coal Company. Decree for complainant, and defendant appeals. Affirmed.

Charles C. Moore, of Chattanooga, Tenn., (N. R. Patterson, of Pineville, Ky., on the brief), for appellant.

James Pendleton Helm, of Louisville, Ky. (James H. Jeffries, of Pineville, Ky., and Trabue, Doolan, Helm & Helm, of Louisville, Ky., on the brief), for appellee.

Before MACK and MOORMAN, Circuit Judges, and MOINET, District Judge.

MOORMAN, Circuit Judge. Plaintiff was a Virginia corporation and the defendant a Delaware corporation. The bill alleged that plaintiff was the owner of 174 acres of land, from which defendant had wrongfully removed coal and timber. The prayer was for a decree enjoining defendant from committing further acts of trespass, and for a judgment for the value of the coal and timber that had been taken. The defendant moved to dismiss the bill for want of jurisdiction, and, without waiving its motion, filed answer, putting in issue the alleged ownership of the land. The motion to dismiss was overruled, and defend-

ant filed a cross-bill, alleging that in carrying out a settlement agreement, which it had made with plaintiff, there were mutual conveyances of lands from one party to the other, and that by mutual mistake the tract described in the bill was conveyed to plaintiff, when it should have been conveyed to the defendant. It asked for a correction of the plaintiff's deed, and that it be vested with title to the land.

The motion to dismiss raised a jurisdictional question. Whether, under section 51 of the Judicial Code (28 USCA § 112 [Comp. St. § 1033]), there was jurisdiction or venue of the cause as set out in the bill we do not determine. The defendant invoked jurisdiction in its cross-bill, asserting a claim therein against the plaintiff, and asking for a correction of plaintiff's deed and an adjudication of title in itself. By this procedure it submitted to the jurisdiction as to plaintiff's claim. Merchants' H. & L. Co. v. Clow & Sons, 204 U. S. 286, 27 S. Ct. 285, 51 L. Ed. 488.

On the question of fact there are considerations supporting each of the conflicting claims. Opposing interests, now represented by the parties here, owned bonds of the Continental Coal Corporation, which became bankrupt. Those interests became involved in litigation and compromised it by agreeing to divide the assets of the corporation. The compromise agreement was entered as an agreed decree in the pending suit. Pursuant to the decree certain lands were conveyed to defendant and others to plaintiff. The land in dispute, known as the Ford tract, was conveyed to plaintiff. Defendant claims that the understanding was that it should receive this tract, but that by mutual mistake it was conveyed to plaintiff.

There are circumstances tending to support defendant's claim, such as that the coal in the Ford tract had theretofore been mined through the entry to defendant's Arjay mine, from which all the coal had been taken except that which could be mined from the Ford tract, and small parts of the Burns and Newton tracts, which could only be worked through the Ford tract. That values in relation to other lands were not controlling in the division appears, however, from the fact that the southeastern part of the Burns tract was later acquired from defendant by plaintiff in exchange for other lands. Furthermore, the agreement provided that the plaintiff should receive the lands that had been conveyed to the Continental Coal Corporation by the Straight Creek Coal & Coke Company; the Ford tract had been so conveyed. That tract was also specifically

mentioned in the agreement and decree as one of the tracts to be conveyed to plaintiff.

Defendant did not allege fraud intentionally perpetrated upon it by the plaintiff. Its claim was that, because of the confusion of boundary lines and the difficulty of identifying and locating the numerous tracts involved, the Ford tract was by mutual mistake included in the plaintiff's deed. Aside from inferences based on the accessibility of the Ford tract to plaintiff's land, and its effect upon the value of the Arjay mine and entry, we find no evidence which contradicts plaintiff's witnesses who testified that the deeds conformed to the agreement as they negotiated and understood it. Under these circumstances, we cannot say that the court below was in error in holding there was no mutual mistake.

Judgment affirmed.