## SOUTHERN TRUST CO. v. AUSTIN et al.

Circuit Court of Appeals, Fifth Circuit.
February 26, 1929.

No. 5464.

Kent V. Gay, of McAlester, Okl., and W. E. Allen and W. M. Odell, both of Fort Worth, Tex. (Gorce, Odell & Allen, of Fort Worth, Tex., on the brief), for appellant.

Stanley Boykin and H. C. Ray, both of Fort Worth, Tex., for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is an appeal by the Southern Trust Company from a decree which gave a lien upon its assets in favor of the W. C. Belcher Land Mortgage Company to secure an indebtedness of approximately $83,500 found to exist in a receivership proceeding for an accounting between the two companies.

The W. C. Belcher Land Mortgage Company is a Texas corporation. Suit was brought against it in a federal district in Texas by creditors, who were citizens of states other than Texas, to foreclose a mortgage lien, and in that suit W. C. Austin was appointed receiver for the Belcher Company. Shortly after his appointment, Austin made application to the court to extend the receivership to the Southern Trust Company, an Oklahoma corporation, on the grounds that the Belcher Company had been managing the affairs of the trust company for a number of years by virtue of an assignment; that funds of the two companies had been commingled; and that the Belcher Company had become a large creditor of the trust company as a result of the payment of its debts and liabilities, and had a lien upon its assets. Officials of the trust company had notice of this application, and filed a motion to dismiss it for want of jurisdiction; but this motion was denied and exception noted. The next steps in the litigation were taken in Oklahoma. A state court in that state appointed a general receiver for the trust company. The suit in which that was done was removed to the federal District Court, and there consolidated with a receivership suit ancillary to the suit pending in Texas. Austin and Swinney were appointed ancillary receivers, and they brought suit in which they recovered possession of some property in Oklahoma, title to which was claimed by the trust company, and then applied to the District Court of Texas for an order authorizing the sale of the property so recovered, and also prayed for an accounting between the Belcher Company and the trust company. Thereupon a motion was submitted in the name of the trust company to discharge Austin as receiver, and, if the court was of the opinion that the necessity of a receiver existed, to appoint another receiver. This motion was not made subject to the previous motion of the trust company to dismiss, but by its terms was unqualified and without reservation.

The trust company was organized in 1904, and the Belcher Company was its largest stockholder. In 1919 the trust company found itself in financial difficulties, and in pursuance of a resolution adopted by its stockholders its affairs were turned over to be managed by the Belcher Company, and they were so managed until a receiver was appointed for the Belcher Company. In the meantime the trust company was inactive, though its bare corporate existence was maintained by the election of officers. In the proceeding for an accounting, it developed that an employee of the Belcher Company was elected president of the trust company, and his salary was charged to the latter company. Another employee of the Belcher Company was elected secretary of the trust company, and half of his salary was charged to the trust company. In addition, part of the salary of the secretary of the Belcher Company was charged to the trust company. The rents for offices amounted to $200 per month, of which $40 was charged to the trust company. The Belcher Company bought bonds of the par value of $140,500 at a 10 per cent. discount, and afterwards sold the bonds at par, or at a profit of $14,000. The trust company, though it was unable to buy the bonds, received credit for the sales price, but it was charged $13,000 as commissions. The Belcher Company charged no interest on the daily balances ranging from $14,000 to $80,000 by the trust company, and was entitled under the assignment to a commission of 5 per cent. upon all moneys of the trust company collected by it. It is conceded that the books of the Belcher Company were correctly kept, and showed the indebtedness to be the amount found in the decree.

The assignment was evidenced by minutes adopted at a stockholders' meeting of the trust company, and purported to create a lien upon its real and personal property to secure any indebtedness due or to become due to the Belcher Company. It is contended on this appeal that the decree is erroneous on the grounds: (1) That the District Court did not acquire jurisdiction over the trust company; (2) that the same person was appointed receiver of two corporations whose interests were conflicting; (3) that the account kept by the Belcher Company contained improper charges against the trust company; and (4) that a lien upon the trust company's property was not shown to exist by competent evidence.

The District Court, as a court of equity, had jurisdiction of the subject-matter. The objection here was to the venue, and could be waived, even though it properly could be made. St. Louis, etc., R. Co.

v. McBride, 141 U. S. 127, 11 S. Ct. 982, 35 L. Ed. 659. We are of opinion that the objection to venue was waived by appellant's unqualified motion to remove Austin as receiver and appoint a new receiver. That motion was made while there was pending an application by the ancillary receivers appointed in Oklahoma for an accounting between the two corporations in receivership. Swinney was appointed receiver in a case that was removed from a state court to the federal District Court in Oklahoma, the state under the laws of which appellant was incorporated, and he remained receiver in that original proceeding, although it is true that he also was designated as an ancillary receiver, and it would seem that he, rather than individual stockholders, was entitled to represent appellant; but, aside from this, appellant appeared and by its motion to remove one receiver and appoint another asked for affirmative relief in the District Court in Texas. Merchants' Heat & Light Co. v. James B. Clow & Sons, 204 U. S. 286, 27 S. Ct. 285, 51 L. Ed. 488.

 It was within the discretion of the trial court to continue the receiver for the Belcher Company as receiver also for the trust company. The only question in that connection is whether that discretion was abused, and we are unable to say that it was in view of the admitted fact that for years the two companies had been operated practically as one. Their affairs and accounts had been so intermingled as that one receiver could act more intelligently than could two receivers.

It is not shown that the accounts were incorrectly stated, or that the indebtedness was otherwise than it was found to be in the decree. The fairness of the charges for salaries, for rent, and for commissions was a matter that had to be passed upon, not by a receiver, but by the court. No more than a just proportion of the expenses are shown to have been charged to the trust company. No injustice appears to have been done to the trust company by the allowance of commissions in the transactions relating to the handling of the bonds purchased by the Belcher Company for the account of the trust company. Under the assignment a commission of 5 per cent. was provided for, and this would sustain a charge of $7,000. The right of the Belcher Company to charge interest on daily debit balances would entitle it, under the finding of the District Judge, to more than the balance of $6,000, charged as a commission derived from the sale of the bonds. The claim of overcharge arises out of the manner of bookkeeping, by which it is shown that two commissions were charged, one apparently on the purchase price of the bonds, and the other on the debts settled out of the proceeds of the sale of the bonds. It may be assumed that two commissions were not collectible under these circumstances, but even then a single commission and interest would at least equal the amount charged as commissions. The result is that the Belcher Company was not given credit for more than it was entitled to claim in the settlement of accounts.

 It was the intention of the parties to create a lien for advances. That is shown by the minutes adopted by the stockholders. But it is argued that, as the minutes adopting the resolution making the assignment were not signed, they fall within the statute of frauds, because they related to a contract that was not to be performed within one year. It was possible, though not expected, that the contract would be performed within a year, and therefore the statute of frauds (Rev. St. Tex. 1925, art. 3995) does not apply. Warner v. T. & P. Ry. Co., 164 U. S. 418, 17 S. Ct. 147, 41 L. Ed. 495.

Error is not made to appear by any of the assignments, and the decree is affirmed.