## UNITED STATES v. COLLINS et al.

### No. 193.

Circuit Court of Appeals, Second Circuit.

Jan. 18, 1932.

M. Michael Edelstein, of New York City, for appellants Owen Lawlor and James Collins, appearing specially.

George Z. Medalie, U. S. Atty., of New York City (Earle N. Bishopp, Asst. U. S. Atty., of Brooklyn, N. Y., and Leonard J.

Obermeier, Jr., Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above). .

■ Since Lawlor was one of the owners of the business which constituted the common nuisance at the premises and was served, the court had jurisdiction to enter the decree of closure to abate the nuisance there, United States v. Gaffney et al. (C. C. A.) 10 F.(2d) 694, and to issue the personal injunction against him.

The injunction against Collins was granted without service upon him in an action in which he did not appear himself and in which no appearance was ever formally made in his behalf except a special appearance by the same attorney who appeared generally for Lawlor. It is true that this attorney defended on the ground that Lawlor had no interest in the business and in so doing claimed and introduced evidence tending to prove that Collins was the sole owner. Had his defense been successful to the extent of causing the government's proof that Lawlor was one of the proprietors to fail, he would have put Collins in a position to take what benefit, if any, would inure to him. Yet the attorney professed to appear generally only for Lawlor, and expressly stated in response to an inquiry from the court that he did not appear generally for Collins. The action of the court in treating what was done as a general appearance for Collins, which amounted to a submission to the jurisdiction, supplies all there is of importance in this appeal.

■ Doubtless the position in which Collins was placed by the decree from which this appeal was taken was due to the fact that his attorney had no discernible reason for entering a special appearance for him at all. It was not claimed that any service of any kind had been had upon him. The defense to this action was based on the claim that without it no decree on the merits could be entered because he was the sole owner of the business. If it fairly appeared that the special appearance was a palpable effort to give him the benefit of a hearing on the merits without submitting himself to the jurisdiction of the court, the finding of a general appearance was justified, since when an appearance is made in behalf of a party what it is called will not change its real character. Mahr v. Union Pacific R. R. Co. (C. C.) 140 F. 921, affirmed (C. C. A.) 170 F. 699. The true test is found in what is done by way of participation in the action. Merchants H. & L. Co. v. Clow & Sons, 204 U. S. 286, 27 S. Ct. 285, 51 L. Ed. 488.

■ But the appearance of this attorney for Collins specially was not, when made, a submission to the jurisdiction in behalf of his client. Following that, no pleadings were filed and nothing was done which was not within the scope of his appearance for Lawlor. Indeed, after the hearing on the merits began, the special appearance for Collins was apparently barren of legitimate purpose, certainly of any action, and so of no effect. It should have been treated as a nullity. While we agree with the trial judge that a special appearance does not prevent submission to the jurisdiction where there is conduct which amounts to that; where such conduct is absent, the mere, though unwarranted, insistence by an attorney upon a special appearance, is not enough to affect the rights of a party. Any attempted abuse of special appearances is to be condemned and should be dealt with, when necessary, by disciplinary action against the offending attorney.

Decree modified to vacate the personal injunction against Collins, and in all other respects affirmed.