Morrow, J.
Plaintiff filed a suit in replevin, asserting that it owns and is entitled to possession of a 1929 Auburn sedan wrongfully detained by plaintiff. Later, upon the giving of a bond, the plaintiff took the automobile, which sheriff’s appraisers valued at $50.00. There is other evidence as to the value of the automobile at the'time of its taking by plaintiff.
Defendant filed an amended cross-petition to plaintiff’s petition, in which she sets forth that she received $90.00 credit for another automobile, and agreed to pay $226.00 more at the rate of $19.00 a month, commencing May 20, 1933. This was consideration for the Auburn automobile. She submits that she paid $151.60 making a total of $241.60 paid on account. She states the selling price of *482 the automobile was $316.00. She asks for $241.60 as damages against the plaintiff, together with costs. She claims this amount is due because of the provisions of Section 8570, General Code, which reads as follows:
“When such property, except machinery equipment and supplies for railroads and contractors, for manufacturing brick, cement and tiling, and for quarrying and mining purposes, is so sold or leased, rented, hired, or delivered, the person who sold, leased, rented, hired, delivered, or his assigns or the agent or servant of either or their agent or servant, shall not take possession of such property, without tendering or refunding to the purchaser, lessee, renter or hirer thereof, or any party receiving it from the vendor, the money so paid after deducting therefrom a reasonable compensation for the use. of such property, which in no case shall exceed fifty per cent of the amount paid, anything in the contract to the contrary notwithstanding, and whether such condition be expressed in the contract or not, unless such property has been broken, or actually damaged, when a reasonable compensation for such breakage or damage shall be disallowed. But the vendor shall not be required to tender or refund any part of the amount so paid unless it exceeds twenty-five per cent of the contract price of the property.”
This amended cross-petition succeeds an answer and cross-petition, in which certain claims' as to breach of warranty and fraud were made. These claims are not mentioned in the amended cross-petition and only were mentioned incidentally in the trial.
In view of plaintiff’s payments on account for a number of months, these claims appear to the court clearly to be untenable. The statute above quoted gives the right of the vendor, in whose shoes the plaintiff herein stands, to deduct a reasonable compensation for the use of such property, which in no case shall exceed fifty per cent of the amount so paid, “unless such property has been broken, or actually damaged, when a reasonable compensation for such breakage or damage shall be allowed.”
With the consent of both parties, and at the suggestion of the plaintiff, the court viewed the automobile, which was located in the garage where it has been kept since the *483 order for delivery was made. I assume the court was allowed to view the property to better understand the evidence.
The weight of the evidence clearly indicates that defendant’s hard usage or rough treatment of the automoile, which was found parked in the open when replevied, so damaged it that there is no need of a tender or return of any sum by plaintiff to defendant. The sum of money due for the use of the automobile while in defendant’s possession, and on account of its damaged condition, greatly offsets any possible refunder to defendant provided for by the statute. The automobile is worth certainly not more than $50.00, and the court would place its value at present much less than that amount. When the defendant quit paying installments the evidence indicates the automobile was worth much less than the installments due at that time. This is the old case of refusing to pay for a dead horse.
After submission of the case defendant’s attorney informally suggested that the court’was without jurisdiction of the subject matter. There might have been force to this suggestion if the same had been made before defendant filed her cross-petition, in which she asks for $151.60.
Section 10230, General Code, provides as follows:
“Justices of the peace shall have exclusive jurisdiction in all cases of replevin when the value of specific personal ■property, the possession of which is sought to be recovered, is less than one hundred dollars, and concurrent jurisdiction with the Court of Common Pleas in all cases when the value of such property is one hundred dollars and not more than three hundred dollars.”
However, when she made her objection to jurisdiction of the subject matter a different situation presented itself. We then had a double barreled case, the plaintiff seeking to replevy an automobile worth not more than $50.00, or at all events, not proved to be worth $100.00, which is the jurisdictional amount justifying the Common Pleas Court in entertaining the suit. However, the defendant steps in without raising this question, and instead asks the court to *484 consider another issue. By this issue she submits she is entitled to the return of $151.60. She later changes her mind and increases the amount prayed for to $241.60.
As stated above, the Common Pleas Court has jurisdiction over subject matter of a case where the recovery sought is $100.00 or more. See Sections 10226 and 10215, General Code.
The cross-petition certainly raises an issue to be determined in this case. In passing, it might be pointed out that no reply to this cross-petition has as yet been filed by the plaintiff, but under the circumstances, it seems the court would not be guilty of an abuse of discretion by allowing the filing of a reply denying allegations of the amended cross-petition, and to conform to the proof already in.
It appears to be the law that the cross-petition raises an issue warranting the court in entertaining a case where it originally had no jurisdiction of the subject matter.
I find no cases directly in point in Ohio aside from a federal case decided in 1915. See American Sheet & Tin Plate Company v. Winzeler, 227 Fed. Rep. page 321. The court says at page 324:
“It is established, of course, that, when the jurisdictional amount is in question, the tendering of a counterclaim which in itself, or added to the amount claimed in the petition, makes up a sum equal to the amount necessary to the jurisdiction of the court, jurisdiction is established, whatever may be the state of the plaintiff’s complaint.”
The case of Lee v. Continental Insurance Co. (C. C.) 74 Fed. 424, is cited by the court.
The court in this case says on page 425:
“The amount involved in the counterclaim is a part of the subject matter in dispute..”
And later the court says:.
“The matter in dispute is not only the one thousand dollars which the plaintiff sues for, but it is that which of necessity under the statute in question must be litigated in connection with it.”
*485 The case of Merchants Company v. Clow, 204 U. S., 286, also found in 27 Supreme Court, 285, 51 L. Ed., 488, is also cited. This case is not exactly in point, but some of the language of Justice Holmes is interesting in this connection. He says:
“By setting up its counterclaim the defendant became a plaintiff, in its turn invoked the jurisdiction of the court in the same action, and by invoking it, submitted to it.
“The defendant if he elects to sue upon his claim in an action against him- assumes the position of an actor and must take the consequences. The right to do so is of modern growth and is merely a convenience that saves bringing another suit, not a necessity of the defense.
“There is no question at the present day that by an answer in recoupment the defendant makes himself an actor and to the extent of his claim a cross-plaintiff in the suit.”
See also 15 Corpus Juris, page 774, paragraph 69.
See also Joyce v. Hagelstein, 163 S. W. Rep. page 356, (Texas Civil Appeals) decided in 1914, Syllabus' 1:
“Though the amount of plaintiff’s claim, $500.00, is insufficient to give the district court jurisdiction of the action, defendant’s cross-action for a greater amount gave it jurisdiction.”
The editorial note refers to other cases in the Century and Decennial Digest.
See also Windmill Co. v. Parker, 30 S. W. Rep. 365, (1895) another Texas case, in which Syllabus 2 sets forth:
“The court acquires jurisdiction of an action by a plea of reconvention of a sufficient amount, though plaintiff’s claim is below the jurisdictional amount.”
The case of DeWitt Co. v. Wischkemper, 67 S. W. Rep. 882, would seem to be an authority to the contrary, but without taking the time to explain, we will content ourselves with saying that it easily can be distinguished.
At all events and for reasons above stated, we find this court has jurisdiction of the subject matter, and that the plaintiff should prevail.