### THORNHILL v. HUSTON.
### No. 6394.

District Court, Alaska. Fourth Division. Fairbanks.
Jan. 8, 1951.

Ralph J. Rivers, of Fairbanks, for plaintiff.

Warren A. Taylor, of Fairbanks, for defendant.

PRATT, District Judge.

Upon the 23rd day of January 1946 the plaintiff therein, Annette Newman Huston, filed a divorce action in the Superior Court at New Haven, Connecticut for a divorce upon the ground of desertion and for alimony.

Defendant was, at that time, a resident of Alaska. Substituted service upon him was recited in the judgment in the cause. The judgment likewise recited that the defend-

ant made no appearance and a divorce and alimony was granted in the judgment against the non-appearing defendant.

However, the defendant had knowledge of the existence of the case at least by January 10, 1947, the judgment being entered upon the 7th day of February 1947. This is shown by plaintiff's exhibit "C" which in words and figures including the Assistant Clerk of Court's stamp is as follows, to-wit:

"No. J1382

| | |
|---|---|
| ANNETTE NEWMAN HUSTON VS. HARVE MANFORD HUSTON | SUPERIOR COURT, COUNTY OF NEW HAVEN |

## "AFFIDAVIT OF MILITARY SERVICE

"Harve M. Huston, now residing in Alaska, being duly sworn, depose and say:

"1.   That I am the Defendant in a divorce action instituted against me by my wife Annette Huston.

"2.   That I am not in the Military Service of the United States Government, nor have I ~~ever been in the Military Service~~. been in service since Jan. 15, 1919.

"/s/ Harve M. Huston

"Subscribed and sworn to before
me this ——— day of
————————, 1946.

"————————————
Notary Public.

"As there is no Notary nearer than 200 miles from here, I am signing and returning this to you.

"I work for the Government in civilian employment and have been in this service for a period of 2 years.

"I have no reason to hold up the divorce as I have been and will be a permanent resident of Alaska, the 49th State. (second page)

"SUPERIOR COURT
COUNTY OF NEW HAVEN
ANNETTE NEWMAN HUSTON
vs.
HARVE MANFORD HUSTON
AFFIDAVIT OF MILITARY
SERVICE

New Haven County
Superior Court
F I L E D
Jan 10 1947
Minnix
Asst. Clerk
C. David Munich
'Attorney and counselor at law
Bridgeport, Connecticut"

The attorney, C. D. Munich, was the attorney for the plaintiff in the divorce suit.

Apparently plaintiff's attorney prepared the form of Affidavit of Military Service as the same is in typewriting with the exception of the last words "been in service since January 15, 1919" and the signature of Harve M. Huston.

The portion of the exhibit appearing below the blank for the notary public to sign is in handwriting and is unsigned though defendant nowhere denied that the matters in handwriting were placed thereon by him.

█ In the divorce judgment, the Court finds " * * * the defendant made default of appearance * * * ". Assuming that the Connecticut Court was correct in his holding that plaintiff's exhibit "C" did not constitute an appearance on behalf of the defendant and therefore he was non-appearing, we have a situation where the plaintiff was a

resident of the State of Connecticut and the defendant a resident of the Territory of Alaska, constructive service of summons being made on the defendant in Alaska.

The rule is well established that in such a situation, the court of the forum has jurisdiction of the marital status but does not have jurisdiction of the person of the defendant which is essential for the entry of a money judgment for alimony. This is borne out by the following authorities: De la Montanya v. De la Montanya, 112 Cal. 101, 44 P. 345, 32 L.R.A. 82; Wesner v. O'Brien, 56 Kan. 724, 44 P. 1090, 32 L.R.A. 289; Baker v. Jewell, 114 La. 726, 38 So. 532; Pettis v. Pettis, 91 Conn. 608, 101 A. 13, 4 A. L.R. 852; Kline v. Kline, 57 Iowa 386, 10 N.W. 825; Doerr v. Forsythe, 50 Ohio St. 726, 35 N.E. 1055; Humphreys v. Humphreys, 139 Va. 146, 123 S.E. 554; Bray v. Landergren, 161 Va. 699, 172 S.E. 252; Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565; 27 C.J.S., Divorce, § 78, p. 652; 17 Am.Jur. 482, note 12.

Counsel for the plaintiff maintains that plaintiff's exhibit "C" constitutes a general appearance on the part of the defendant in the divorce suit. If that be correct, then the plaintiff would be entitled to a judgment in his suit for unpaid alimony.

In 3 Am.Jur. 788, § 10, note 4, it states, "It has been said that the test of a general appearance conferring jurisdiction over the person is whether or not the defendant becomes an actor in the cause".

In Merchants Heat & Light Co. v. J. B. Clow & Sons, 204 U.S. 286, 27 S.Ct. 285, 51 L.Ed. 488 a motion to quash the writ of service of summons was denied. The defendant excepted to the denial of its motion and put in an answer containing a general denial and a set-off. The Court said, 204 U.S. at page 289, 27 S.Ct. at page 286, "We assume that the defendant lost no rights by pleading to the merits, as required, after saving its rights". However, pleading the set-off was held to be a general appearance.

In re Chewaucan River, 89 Or. 659, 175 P. 421, it states in syllabus number four, "A 'general appearance' must be express or implied from defendant's taking of some step in a cause beneficial to himself or detrimental to plaintiff other than one contesting the jurisdiction only, the purpose of which must bear some substantial relation to cause."

In White v. White, 66 W.Va. 79, 66 S.E. 2, 24 L.R.A., N.S., 1279, syllabus number one, it states, "Acceptance of notice to take depositions by a party not served with process does not amount to appearance in the suit or action".

In Myers v. Myers, 62 Utah 90, 218 P. 123, 124, 30 A.L.R. 74, it states, "Cross-appellant contends that the mere acceptance of service of the summons in a state other than the one in which the action is pending is not an appearance in the action.

"If the indorsement on the summons contained nothing but the acceptance of service, the contention would have to be upheld. The cases cited are to that effect."

In Butterworth v. Hill, 114 U.S. 128, 5 S.Ct. 796, 797, 29 L.Ed. 119, an action was·brought in Vermont against the Commissioner of Patents in Washington, D. C. A subpoena commanding him to appear and answer in Vermont was endorsed by the Commissioner of Patents, "I hereby accept service of the within subpoena, to have the same effect as if duly served on me by a proper officer, and I do hereby acknowledge the receipt of a copy thereof. E. M. Marble, Comm'r of Patents". No other service of process was made on the Commissioner and he made no appearance in the cause other than the endorsement mentioned. It was held that " * * * the case stands as it would if the process had been actually served on him in the District of Columbia by some competent officer. The circuit court was of opinion that by his acceptance of service the commissioner waived all objection to the jurisdic-

tion, and consented to be sued away from the seat of government and from his residence. In this we think there was error."

In Rice & Co. v. Pike, 117 Ohio St. 521, 160 N.E. 90, 91, at page 93, the Court held with reference to what constitutes a general appearance, "A better statement of the rule is that a general appearance must be express or must arise by implication from the defendant seeking, taking or agreeing to some step or proceeding in the cause beneficial to himself, or detrimental to the plaintiff, other than one contesting the jurisdiction only. Fulton v. Ramsey, 67 W.Va. 321, 68 S.E. 381, 140 Am.St.Rep. 969".

The Court held that the acceptance of a brief by plaintiff in error against defendant in error did not constitute a general appearance citing Honeycutt v. Nyquist, Peterson & Co., 12 Wyo. 183, 74 P. 90 where it was held that the acceptance of service by defendant's attorney of a motion to sell attached property did not constitute a general appearance of defendant not properly served with summons.

In Stevens v. Jas. A. Smith Lumber Co., 54 S.D. 170, 222 N.W. 665, the Court held as set forth in the syllabus:

> "Where only service upon nonresident defendant in mortgage foreclosure action was service on him in state of his residence, court had jurisdiction to determine amount appearing to be due by terms of note secured, but had no jurisdiction to enter default judgment binding defendant personally as to amount due on notes.

> "Where nonresident defendant's answer in foreclosure action was stricken out by court on motion of plaintiff in foreclosure action, plaintiff cannot claim that answer constituted general appearance entitling it to personal judgment. * * *

> "Where plaintiff in mortgage foreclosure action procured judgment, based on fact recited therein

that nonresident defendant had failed to appear personally in action in any manner, plaintiff cannot claim that defendant did appear personally.

"Stipulation, that motion to strike answer of nonresident defendant, by nonresident attorneys not licensed to practice in state, in mortgage foreclosure action, be heard on different date from that stated in notice of motion, was not an 'appearance' by defendant in that action, since he did not invoke action of court in anything".

It therefore appears to the Court that in this case there was no express or implied general appearance in the Connecticut divorce suit by Harve M. Huston.

The attorney for defendant may draw findings of facts, conclusions of law and judgment in favor of the defendant and consistent with the foregoing opinion.