John EFENTAKIS, Libellant,

v.

THE S/T WORLD LEGION, etc., Respondents.

John KOUKORINOS, Libellant,

v.

THE SS ZEPHYR, etc., et al., Respondents.

Stylianos HADJIEMANUEL, Petitioner,

v.

Elias FRANGOULIS et al., Respondents.

Adm. Nos. 334, 402, Civ. No. 475.

United States District Court
E. D. Virginia,
Newport News Division.

April 16, 1958.

774

Morewitz & Morewitz, Newport News, Va., for libellant Efentakis.

Vandeventer, Black & Meredith, Norfolk, Va., for respondent The World Legion.

Burt M. Morewitz, Newport News, for libellant Koukorinos.

Vandeventer, Black & Meredith, Norfolk, Va., for respondent The Zephyr.

Morewitz & Morewitz, Newport News, Va., for petitioner Hadjiemanuel.

Vandeventer, Black & Meredith, Norfolk, Va., for respondents Frangoulis.

WALTER E. HOFFMAN, District Judge.

In each of these actions certain respondents (defendants) filed a special appearance and motion to quash the service of process. Prior to any determination of such issue, libellants (plaintiff) filed a request for admission of facts and genuineness of documents. In response thereto, respondents (defendant) answered without reserving their rights under the special appearance previously noted, and without first demanding a ruling on the motion to quash. Does such an answer constitute a general appearance which is tantamount to a waiver of the special appearance where counsel state that, in answering the request, they inadvertently overlooked the fact that respondents' (defendant's) prior appearances had been special?

There are two schools of thought on this subject. The broad general rule is stated in 6 C.J.S. Appearances § 1(2) (c) as follows:

"An appearance originally special is waived or converted into a general appearance if the appearing party, before the special appearance has been ruled on, does some act which amounts to a general appearance."

The obvious question is, what act amounts to a general appearance? Again referring to 6 C.J.S. Appearances § 13, we find:

"Broadly stated, any action on the part of the defendant, except to object to the jurisdiction over his person which recognizes the case as in court will constitute a general appearance. * * * The filing * * * of any writing not going to the jurisdiction of the court and which asks or consents to action by the court in the cause constitutes a general appearance."

The foregoing general statements have been interpreted by courts without uniformity. In Massachusetts Bonding & Ins. Co. v. Concrete Steel Bridge Co., 4 Cir., 37 F.2d 695, the defendant appeared specially and filed a plea in abatement denying that the cause of action arose in West Virginia where process was served upon the statutory agent; the plea alleging that the cause of action arose in Pennsylvania. Thereafter, defendant filed a motion requiring the production of documents, and subsequently appeared solely for the purpose of moving to quash the writ and return. The court held that the defendant, in requesting the production of documents, had invoked the authority of the court and such act constituted a waiver of any objection to the jurisdiction. This decision is in line with the general rule as heretofore quoted.

In Norfolk Southern Ry. Co. v. Foreman, 4 Cir., 244 F. 353, 358, respondent moved to quash the service and appeared specially, alleging that service was not made upon one of the named officers designated as proper persons for service on a corporation under the Virginia statute. The court overruled the motion and respondent answered without expressly reserving any rights under the prior special appearance. The case was heard on its merits and, on appeal, respondent insisted that the rights raised under the special appearance were reserved for determination on appeal. Discussing the equities of permitting the appellant two chances of winning, while the appellee was granted only one chance, the court held that the filing of an answer and subsequent participation on the merits was tantamount to a waiver. It is said:

" * * * the rule with regard to nonresidents does not apply to residents in the position of the respondent below, and that its filing its answer to the merits, and appearing and contesting the cause on the merits, was a waiver of the alleged irregularity in the service of the monition."

In commenting on the fact that in some jurisdictions all appearances are, by statute, deemed to be general, but in jurisdictions which do permit reservation of the rights, including Virginia and the federal rules the court noted that:

" * * * the party protesting shall not solicit or ask or seek to procure any action of any kind on the merits until the decision of his protest."

■ Where a defendant has raised the question of lack of jurisdiction, and then seeks affirmative relief, such as a counterclaim, it is generally held that any objection to jurisdiction has been waived, and the defendant, by invoking the jurisdiction of the court, has submitted thereto. Merchants Heat & Light Co. v. James B. Clow & Sons, 204 U.S. 286, 27 S.Ct. 285, 51 L.Ed. 488. But a waiver of jurisdiction with respect to the subject matter only, and not as to the person, is not irrevocable. Reynolds Jamaica Mines, Limited v. La Societe Navale Caennaise, 4 Cir., 239 F.2d 689.

Some courts have taken the view that action, however slight, will destroy the special appearance previously noted. An application for a change of judge was held to be action constituting a general appearance in Benedict v. Seiberling, D.C.N.D.Ohio, 17 F.2d 841. This rule, it is submitted, is too broad as indicated in United States v. Brown, 2 Cir., 55 F.2d 72, and United States v. Collins, 2 Cir., 55 F.2d 70.

■ The United States Supreme Court has placed importance upon the "intent to waive" in discussing the question presented. In Citizens' Savings & Trust Co. v. Illinois Central R. Co., 205 U.S. 46, 59, 27 S.Ct. 425, 430, 51 L.Ed. 703, the court stated that entering into a discussion of the merits of the case at the invitation or permission of the trial judge was not a waiver of rights under a special appearance, and said:

"The plaintiff contends that this condition was waived, and the general appearance of the defendants entered, when their counsel, at the

hearing as to the sufficiency of the pleas to the jurisdiction, argued the merits of the case as disclosed by the bill. This is too harsh an interpretation of what occurred in the court below * * *. The discussion of the merits was permitted or invited by the court in order that it might be informed on that question in the event it concluded to consider the merits along with the question of the sufficiency of the pleas to the jurisdiction. We are satisfied that the defendants did not intend to waive the benefit of their qualified appearance at the time of filing the pleas to the jurisdiction."

The nature of the acts done and the intent with which they were done are the essential governing factors but, of course, a litigant will not be heard to say that he did not intend the natural consequences of clear and unequivocal acts. Ervin v. Quintanilla, 5 Cir., 99 F.2d 935; Grable v. Killits, 6 Cir., 282 F. 185, certiorari denied sub nom. Bacon Bros. v. Grable, 260 U.S. 735, 43 S.Ct. 95, 67 L.Ed. 488; Dahlgren v. Pierce, 6 Cir., 263 F. 841.

■ In the instant proceedings the respondents (defendant) do not, by answering the requests, solicit, ask, or seek to procure any action of any kind on the merits. In the absence of such action, their intent is the controlling factor. The requests are limited to the admission or denial of certain provisions of the laws of the Republic of Panama. The purpose of a request is to encourage admissions, and any admission made by a party pursuant to a request to admit is subject to all pertinent objections to admissibility which may be interposed at the trial. As it was manifestly not the intent of respondents (defendant) to waive their special appearances heretofore noted, and considering the nature of the requests, the Court concludes that the special appearances have not been waived.

Orders will be entered upon presentation.