**TRAPPER BROWN CONSTRUCTION CO., INC., Plaintiff,**

v.

**ELECTROMECH, INC., et al., Defendants.**

Civ. A. No. 73–21.

United States District Court, D. New Hampshire.

May 14, 1973.

Michael M. Lonergan, Sulloway, Hollis, Godfrey & Soden, Concord, N. H., for plaintiff.

Alvin E. Taylor, Taylor & Gray, Portsmouth, N. H., for Electromech, Inc.

Philip G. Peters, Wadleigh, Starr, Peters, Dunn & Kohls, Manchester, N. H., for Alvin E. Taylor.

Before CAMPBELL, Circuit Judge, GARRITY and BOWNES, District Judges.

## OPINION

LEVIN H. CAMPBELL, Circuit Judge.

This case presents the question whether a trustee attachment made under Chapter 512 of the New Hampshire Revised Statutes without prior opportunity for hearing violates the due process clause of the Fourteenth Amendment of the United States Constitution.

All the parties reside or have their principal places of business in New Hampshire. The plaintiff was sued in contract by defendant Electromech, Inc. in the Rockingham County Superior Court, the writ bearing a $45,000 ad damnum and naming defendant Meredith Trust Company as trustee. The Belknap County Sheriff, at the direction of Electromech's attorney, served the writ upon Meredith Trust Company pursuant to NH RSA 512:1 et seq. Plaintiff then had $45,000 on deposit at the trustee bank which was "caught" by the attachment. After service of the writ, the bank, in conformity with New Hampshire law, refused to permit the plaintiff to use the deposited funds. The trustee attachment was made without prior notice to plaintiff and without prior opportunity for hearing, neither being required under the New Hampshire statutes.

This action for declaratory and injunctive relief and damages followed. The Chief Justice of the New Hampshire Superior Court and the Clerk of the Rockingham Superior Court have since, upon their motion, been dismissed as defendants. A temporary restraining order preventing enforcement of Chapter 512 and releasing the trustee attachment, subject to certain restrictions, has been issued and is now in effect. A three-judge court was convened as required by 28 U.S.C. § 2281.

At the hearing, the plaintiff waived any claim for damages. We are informed that the Attorney General of New Hampshire has been fully advised of these proceedings and that he does not wish to be heard.

The present action is properly brought under the Civil Rights Act of 1870, 42 U.S.C. § 1983, jurisdiction being conferred under 28 U.S.C. § 1343(3).[1] Plaintiff corporation may claim the protection of the Fourteenth Amendment, and it is a person within the protection

---

1. State action sufficient to invoke the Fourteenth Amendment and § 1983 is, of course, involved; the trustee attachment was pursuant to and under color of New Hampshire law. While the judicial defendants were dismissed as unnecessary to the relief sought, the defendant Sheriff remains a party in his official capacity. Cf. Burton v. Wilmington Parking Authority, 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961).

of the Civil Rights Act. Connecticut General Life Insurance Co. v. Johnson, 303 U.S. 77, 79–80, 58 S.Ct. 436, 82 L. Ed. 673 (1938). National Association for Advancement of Colored People v. Patty, 159 F.Supp. 503, 519 (E.D.Va. 1958), vacated and remanded on other gds. sub nom. Harrison v. N.A.A.C.P., 360 U.S. 167, 79 S.Ct. 1025, 3 L.Ed.2d 1152 (1959); Mini Cinema 16 Inc. v. Habhab, 326 F.Supp. 1162, 1164–1165 (D.C.Iowa 1970). Injunctive relief is not barred in such a proceeding by 28 U.S.C. § 2283. Mitchum v. Foster, 407 U.S. 225, 242–243, 92 S.Ct. 2151, 32 L. Ed.2d 705 (1972). *See also* Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972).

■ In Schneider v. Margossian, 349 F.Supp. 741 (D.Mass.1972), a three-judge court held that the Massachusetts trustee process statute was unconstitutional on its face insofar as it denied defendants notice and hearing before pre-judgment attachments were made. *See also* McClellan, et al. v. Commercial Credit Corp., et al., 350 F.Supp. 1013 (D. R.I.1972), similarly holding Rhode Island pre-judgment attachment procedures unconstitutional. Both *Schneider* and *McClellan* rest on Supreme Court decisions culminating in Fuentes v. Shevin, *supra,* establishing, we think unmistakably, that private personal property may not be withheld even temporarily from its possessor—absent important governmental or general public interest—without his first having been afforded notice and opportunity to be heard.

The New Hampshire statute, like the deficient Massachusetts and Rhode Island statutes, permits a defendant's property to be attached without affording any such advance opportunity. We therefore hold it unconstitutional.

■■ We find no significant distinctions between the New Hampshire trustee process statute and that considered in *Schneider.* While a 1969 amendment to the New Hampshire statute exempts wages in most instances (*see* NH RSA 512:21), *Fuentes, supra,* 407 U.S. at 88, 92 S.Ct. 1983, 32 L.Ed.2d 556, makes it

clear that all forms of property are entitled to due process protection. *Cf.* Sniadach v. Family Finance Corporation, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969).

The New Hampshire statute permits a defendant, after "an excessive or unreasonable attachment of any kind, by trustee process or otherwise, has been made", to apply to the Superior Court for its reduction or discharge. NH RSA 511:53. But, as the application is after the fact, it does not meet the Constitutional requirement of a pre-attachment opportunity to contest. *See also Schneider, supra,* 349 F.Supp. at 743, footnote 2. In such a later proceeding, the New Hampshire defendant has the further benefit of a statutory provision placing the burden of proof upon the party making the attachment "to show that the attachment is not excessive or unreasonable." NH RSA 511:53. But the fundamental infirmity remains: the property may be tied up at the discretion of the plaintiff at least until such time, perhaps many days or weeks later, as the defendant is able to obtain a judicial hearing. As the Court said in *Fuentes, supra,* 407 U.S. at 93, 92 S.Ct. at 2001,

> Private parties, serving their own private advantage, may unilaterally invoke state power to replevy goods from another. No state official participates in the decision to seek a writ; no state official reviews the basis for the claim . . .; and no state official evaluates the need for immediate seizure.

We accordingly declare that Chapter 512 of the New Hampshire Revised Statutes is unconstitutional insofar as it permits individual litigants to make pre-judgment attachments by way of trustee process without first giving the owner of the property reasonable notice and an opportunity to be heard.

We further declare that the purported trustee attachment in the Rockingham County Superior Court by Electromech, Inc. of funds belonging to Trapper Brown Construction Co., Inc. in the hands of Meredith Trust Company, is unconstitutional, void and unenforceable.

It appears that pursuant to our earlier restraining order, Electromech, Inc. has already filed in the Rockingham County Superior Court a document releasing the trustee attachment. No injunction shall therefore issue as none is now necessary to carry out our judgment. The temporary restraining order heretofore entered is dissolved.

Our declaratory judgment should not be construed as retrospectively affecting the validity of other actions which were commenced by trustee process in New Hampshire state courts prior to the effective date of our judgment; nor of later New Hampshire state court orders in such actions charging trustees and making them pay over to plaintiffs sums held on attachments made prior to the effective date of our judgment. *See Schneider, supra,* 349 F.Supp. at 745.

The plaintiff shall be awarded its costs.

Judgment shall enter in accordance herewith.