Gavin A. RUOTOLO et al.,
Plaintiffs-Appellants,

v.

Jay GOULD et al., Defendants-
Appellees.

No. 73-1326.

United States Court of Appeals,
First Circuit.

Heard Jan. 7, 1974.

Decided Jan. 17, 1974.

Robert H. Schroeder and David S. Sands, Ossipee, N. H., on brief for appellants.

Stanley M. Brown and McLane, Graf, Greene & Brown, Manchester, N. H., on brief for Jay Gould, appellee.

Before COFFIN, Chief Judge, ALD-RICH and McENTEE, Circuit Judges.

PER CURIAM.

Plaintiffs' bank account was attached by trustee process on January 15, 1973, without prior hearing, under the provisions of New Hampshire Revised Statutes Ann., Chapter 512. This suit, filed August 3, 1973, which alleges that the attachment is illegal for failure to provide due process protection in light of Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), and its family of cases, was dismissed by the district court *sua sponte*. The court relied upon Trapper Brown Construction Co., Inc. v. Electromech, Inc., 358 F.Supp. 105 (D.N.H.1973) (three judge court) which found Chapter 512 unconstitutional but held that its ruling was not to be applied retrospectively to "actions which were commenced by trustee process in New Hampshire state courts prior to the effective date of our judgment; nor to later New Hampshire state court orders in such actions charging trustees and making them pay over to plaintiffs sums held on attachments made prior to the effective date of our judgment." 358 F.Supp. at 108.

Plaintiffs concede that they are in the class expressly denied relief in *Trapper Brown,* but argue that the district judge erred in dismissing this suit because the quoted language in *Trapper Brown* was mere dicta, and was in any event bad law. Both parties have waived oral argument. We agree with the district court that this case is frivolous and affirm.

■■ It is clear that constitutional decisions may be made prospective only, Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965). This form of judgment is particularly appropriate where retroactive application would cause severe hardship to those who have relied upon the prior law in arranging their affairs. *See* 1B Moore's Federal Practice at 200–201. In this circuit courts called upon to declare invalid statutory schemes similar to the one in issue here have found that giving

retroactive effect to their rulings would be unduly harsh and have therefore denied relief to those whose attachment proceedings had commenced prior to the effective date of the judgment. They have done so in terms very similar to those used in *Trapper Brown*. *See* Bay State Harness Horse Racing and Breeding Ass'n., Inc. v. PPG Industries, Inc., 365 F.Supp. 1299 (D.Mass.1973) (three judge court), Gunter v. Merchants Warren National Bank, 360 F.Supp. 1085 (D.Me.1973) (three judge court), Schneider v. Margossian, 349 F.Supp. 741 (D.Mass.1972) (three judge court). Whether the language in *Trapper Brown* relied upon by the district court here be denominated dicta or holding is immaterial. The district court was effectuating a policy fully supported by case law and reason to which, in our view, no serious challenge can be made.

Plaintiffs argue in their brief that the decisions in *Bay State* and *Gunter* "seemed clearly to leave open the question whether a plaintiff may challenge trustee process attachments made prior to the date of the decision striking down the statute in issue." But in view of the fact that in *Gunter* it was said that, "Since a retrospective judgment would cast doubt on the validity of all real estate attachments in actions now pending in the Maine courts and would create a cloud on the title to any property hitherto sold pursuant to a real estate attachment, our decree will be prospective only and will have no effect on any attachments, other than the two attachments presently before us, which have been made prior to the date of this opinion.", and that in *Bay State* the court expressly followed *Schneider* and *Gunter* on this point, the assertion made by plaintiffs is disconcertingly in error.

In all of the cases mentioned the denial of retroactive effect naturally did not extend to the actual plaintiffs in each suit. In *Bay State* the court also accorded retroactive effect to those who had filed similar constitutional challenges to the same statute and whose cases were still pending in the district court. This is not inconsistent with the rationale of the other cases, and would not help this plaintiff in any event.

Affirmed.