OPINION OF THE COURT
Beatrice Shainswit, J.
Defendant’s motion seeking a dismissal of the complaint, upon the grounds that this court lacks jurisdiction over defendant, is denied.
This is an action based upon the 1978 death of a New York resident arising out of a Kentucky automobile accident. The suit was begun here in June, 1979 by decedent’s mother, a *587 New York resident, by attaching defendant’s automobile policy, on the ground that his insurance company had an office in New York (as well as in many other States). We now know that henceforth such a procedure is not valid (Rush v Savchuk, 444 US 320).
Plaintiff urges, however, that nothing in Rush v Savchuk (supra) indicates that it is to be given retroactive effect. To give it such effect in this case would be to deprive plaintiff of a forum, since the Kentucky Statute of Limitations has now expired. The fact that defendant in its answer pleaded defenses of lack of jurisdiction and that the attachment of the policy was unconstitutional, does not control whether the ruling should be given a retroactive or prospective application.
It would appear that the Supreme Court of the United States, in remaining silent on the question of retroactivity, thereby left it to each State to decide for itself on how to apply the decision in pending actions. Although the highest court’s ruling arises in a constitutional context, it nevertheless pertains to an essential procedural mode; how to acquire jurisdiction in a State court over a nonresident defendant. Granted that due process notions are matters of great substance, nevertheless the manner in which a defendant can be brought into a State court is a question of State procedure. Concisely put, the due process ingredients of jurisdiction arise in a procedural setting. Even fundamental statutory changes in procedure that would nullify core proceedings in pending actions have not been given a retroactive reading, unless expressly directed by the Legislature. This court sees no reason why the fundamental change in procedure fashioned by the United States Supreme Court should be treated any differently, absent a directive to the contrary.
It appears to this court, until the United States Supreme Court, or an appellate court in this State, has said otherwise, that whether the Rush v Savchuk (supra) ruling should be given a retroactive or prospective application, should be determined on a case-by-case basis, with due regard to balancing the equities. As a matter of judicial discretion, it cannot be gainsaid that the scales tip heavily in plaintiff’s favor, in ruling out an automatic retroactive reflex to the Rush ruling. The Statute of Limitations would have run on the wrongful death action, if now relegated to prosecution in Kentucky. Plaintiff relied, albeit mistakenly, on the New York State court procedures operative when the action was commenced *588 here. To oust plaintiff from this court and to leave her remediless, is strong medicine, which should at least require a prescription from the United States Supreme Court. If we are to fashion the rule to be applicable, it would not be amiss to simply apply the United States Supreme Court decision to actions commenced thereafter, not to actions already in existence and commenced in precise conformity with then existing New York State procedure.
If we were to give the United States Supreme Court ruling a retroactive approach, at what point do we stop, if at all? Do we now halt actions that may be in the midst of trial? Do we vacate judgments no matter what their vintage?
At the very least, this court is prepared to rule, and does rule that a retroactive application of the United States Supreme Court ruling in Rush v Savchuk (444 US 320, supra) is not available to an action in this court which has been pending for almost a year, where retroactivity would obliterate altogether plaintiffs right to pursue the alleged tort. Jurisdiction is therefore retained in this court to the same extent achieved through the attachment which initiated the action.