Barbara G. HOLZSAGER, Executrix of the estate of Donald M. Holzsager, deceased, and Barbara G. Holzsager, Individually, Plaintiffs,

v.

The VALLEY HOSPITAL, Defendant.

No. 76 Civ. 4258.

United States District Court,
S. D. New York.

July 8, 1980.

Grutman & Schafrann, New York City, for plaintiffs; Norman Roy Grutman, Richard E. Hahn, New York City, of counsel.

McHugh, Heckman, Smith & Leonard, New York City, for defendant; James M. Leonard, Robert P. Whelan, Janet D. Baker, New York City, of counsel.

LASKER, District Judge.

This is a wrongful death action against a New Jersey hospital which is alleged to have rendered negligent medical care to plaintiff's decedent. The action was originally commenced in New York state court and was removed to this court. Personal jurisdiction over the hospital was predicated on the attachment of the hospital's liability insurance policy under the now defunct doctrine of *Seider v. Roth*, 17 N.Y.2d 111, 269 N.Y.S.2d 99, 216 N.E.2d 312 (1966).

After the case was removed to this court, it was transferred to the United States District Court for the District of New Jersey on defendant's motion, which was expressly made to enable the hospital, with the aid of New Jersey's long arm statute, to implead the physician who treated the decedent. Both the hospital and the physician then moved to dismiss the case for lack of federal subject matter jurisdiction, arguing that because New Jersey's charitable immunity statute limited the hospital's liability to $10,000., the requisite amount in controversy was lacking. 28 U.S.C. § 1332. The New Jersey district court agreed, and dismissed the case against the physician. However, since the case against the hospital

had originally been commenced in New York state court, the district court in New Jersey retransferred it to the Southern District of New York with the suggestion that it be remanded to the New York state court.

Before a remand was effected, plaintiff's new attorneys suggested that the New Jersey district court's ruling that no more than $10,000. was in controversy was erroneous because under New York law the limitation on the hospital's liability created by the New Jersey statute would not be recognized. In an opinion reported at 482 F.Supp. 629 (S.D.N.Y.1979), which recites the history of the case in detail, we ruled that New York law governs in this case, that a New York court would refuse to enforce New Jersey's charitable immunity statute, and therefore that federal subject matter jurisdiction did exist. *Id.* at 631–36. In addition, we rejected the hospital's contention that in light of the Supreme Court's decision in *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977), the assertion of *Seider* jurisdiction over it was unconstitutional. *Id.* at 636–38.

Several weeks after our decision, the United States Supreme Court overruled *Seider*, holding, in *Rush v. Savchuk*, 320 U.S. 444, 100 S.Ct. 571, 62 L.Ed.2d 516 (1980), that *Seider* jurisdiction is not consonant with the requirements of due process. In light of the Supreme Court's decision in *Rush*, the hospital renews its motion to dismiss this case for lack of personal jurisdiction. The plaintiff cross-moves for an order striking the Hospital's second affirmative defense, which asserts the court's lack of personal jurisdiction over the hospital as a bar to this action.

The present motions present two questions: first, has the hospital waived the defense of lack of personal jurisdiction and thereby submitted fully to the jurisdiction of the court; and second, if not, should *Rush v. Savchuk* be given retroactive effect in the circumstances of this case?

### I.

The plaintiff contends that the hospital never adequately raised the defense of lack of personal jurisdiction, and that, even if it did, it has through its subsequent actions affirmatively invoked the jurisdiction of the court, and thereby waived the defense. In short, the plaintiff argues that the hospital's answer is insufficient to raise the issue, and that by moving to transfer the case to New Jersey for the express purpose of impleading a third party defendant, the hospital invoked the jurisdiction of the court and thereby submitted to it. We find these arguments unpersuasive.

Paragraph 16 of the hospital's answer states:

> "This Court, and the Court from which this action was removed, lack jurisdiction over the person of the defendant."

We may safely assume that in asserting this affirmative defense the hospital sought only to avoid making a general appearance in this action and thereby submitting to the full *in personam* jurisdiction of the court. In so doing, the hospital ensured that Holzsager's action would continue as a *quasi-in-rem* action, and thus that any recovery would be limited to the face value of the insurance policy attached. *See Simpson v. Loehmann*, 21 N.Y.2d 305, 310, 287 N.Y.S.2d 633, 636, 234 N.E.2d 669, 671 (1967), *reargument denied*, 21 N.Y.2d 990, 290 N.Y.S.2d 914, 238 N.E.2d 319 (1968). To set up lack of personal jurisdiction as an absolute defense in this case would at that time have been profitless, since prior to the Supreme Court's decision in *Shaffer* the constitutional propriety of *Seider* jurisdiction was generally accepted.[1] However, when Holzsager's suit was revived subsequent to the Su-

---

1. Indeed, as Professor Siegel has pointed out, Siegel, *'Seider' Overruling—Problem of Retroactivity*, N.Y.L.J., Feb. 26, 1980 at 1, the Supreme Court in 1968 dismissed an appeal challenging *Seider* jurisdiction "for want of a substantial federal question." *Hanover Insurance Co. v. Victor*, 393 U.S. 7, 89 S.Ct. 44, 21 L.Ed.2d 8 (1968), *aff'g mem.* 21 N.Y.2d 695, 287 N.Y.S.2d 424, 234 N.E.2d 459 (1967). Those who relied on *Seider*, then, had the benefit of a Supreme Court precedent upholding its constitutionality, though not one with the persuasive authority of a written decision.

preme Court's decision in *Shaffer*, the hospital vigorously asserted the defense, arguing that in view of the *Shaffer* decision *Seider* was no longer good law.

 In the circumstances, it is clear that the hospital did adequately interpose the defense of lack of personal jurisdiction, first by invoking it for the limited purpose of circumscribing the court's personal jurisdiction over the hospital, and then by asserting it as an absolute defense after *Shaffer* suggested that such a defense might be viable.[2]

 Holzsager argues, however, that even if the hospital did adequately assert the defense of lack of personal jurisdiction, it waived that defense by moving to transfer this case to New Jersey *for the express purpose* of impleading a third party defendant, thereby invoking the jurisdiction of the court and submitting to it. *See Freeman v. Bee Machine Co.*, 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509 (1943); *Merchants Heat & Light Co. v. James B. Clow & Sons*, 204 U.S. 286, 27 S.Ct. 285, 51 L.Ed. 488 (1907).

 Had the hospital moved to implead the treating physician in New York, affirmatively enlisting the authority of the New York court in its behalf, it would thereby have waived objections to jurisdiction. *Trounstine v. Bauer, Pogue & Co.*, 144 F.2d 379 (2d Cir.1944); *R. Clinton Construction Co. v. Bryant & Reaves, Inc.*, 442 F.Supp. 838 (N.D.Miss.1977); *Majerus v. Walk*, 275 F.Supp. 952 (D.Minn.1967). But the hospital's motion to implead was made in the New Jersey district court, which enjoyed full jurisdiction over the hospital in any event. The motion addressed to *this* court sought only an order transferring the case to New Jersey for the convenience of witnesses and the parties, on the theory that it would be more convenient to try the case where all of the interested parties could be brought before a single tribunal. Although this court, by granting the motion to transfer, made it possible for the hospital to invoke the jurisdiction of the New Jersey court on its behalf, this court did not in so doing exercise its own power in aid of the hospital. On a motion to transfer a case pursuant to 28 U.S.C. § 1404, the court is required to consider the convenience of all parties, and in granting such a motion the court acts for the benefit of all, not on behalf of the defendant. By making such a motion, a defendant does not become "so far an actor as to submit to the jurisdiction" of the New York court. *Merchants Heat & Light Co. v. James B. Clow & Sons, supra*, 204 U.S. at 289, 27 S.Ct. at 285.

We hold that the hospital has not waived its objection to the assertion of *Seider* jurisdiction over it. We turn, then, to the question whether *Rush*, which overruled *Seider*, should be given retroactive effect, defeating personal jurisdiction in this action, or whether *Rush* should be applied prospectively only.

### II.

 In considering whether to give retroactive effect to a judicial ruling that supplants a widely accepted view of the law, a court must determine whether the nature of the new rule is such that it would be anomalous not to give it retroactive effect, and whether applying the new rule retroactively will prejudice those who justifiably relied on the old rule. *See Lemon v. Kurtzman*, 411 U.S. 192, 197–99, 93 S.Ct. 1463, 1467–68, 36 L.Ed.2d 151 (1973); *Chevron Oil Co. v. Huson*, 404 U.S. 97, 105–07, 92

---

**2.** The summons and complaint in this action were served on the hospital on August 27, 1976. On September 16, plaintiff's attorneys agreed to extend the hospital's *time to answer* the complaint thirty days to October 16. On September 24, the hospital removed the case to federal court, and on October 15 it filed its answer. Plaintiff argues that the parties' agreement to extend the hospital's time to answer was ineffective because it was not approved by the court, that consequently the hospital was required under Rule 81(c) to file its answer by September 29, and thus that the hospital was in default when it filed its answer. According to the plaintiff, this in some way worked a waiver of the hospital's jurisdictional defenses. Be that as it may, even if the hospital was technically in default, the fact is that plaintiff has never before complained of the alleged default, and has waived the right to do so now.

S.Ct. 349, 354–55, 30 L.Ed.2d 296 (1971); *Chicot County Drainage District v. Baxter State Bank*, 308 U.S. 371, 374–75, 60 S.Ct. 317, 318–19, 84 L.Ed. 329 (1940); *Ruotolo v. Gould*, 489 F.2d 1324, 1324–25 (1st Cir.1974).

The first consideration provides no compelling reason for giving *Rush* retroactive effect. The "purpose" of the "new rule" announced in *Rush* is to prevent the unfairness that results when a defendant is haled into court in a jurisdiction with which it has no connection of any consequence. Retroactive application of the rule here could not further this purpose, which has already been defeated by the very protraction of the litigation itself. Moreover, to the extent that giving *Rush* retroactive effect would likely result in the sudden filing of hundreds of new actions elsewhere against defendants who are currently engaged in litigation before courts in New York, as New York actions are dismissed, it would appear that the less traumatic course for the courts as well as most defendants would be to apply *Rush* prospectively only. The crucial question, however, is whether and to what extent retroactive application would prejudice persons who justifiably relied on *Seider* in commencing their suits in the New York courts.[3] If no such prejudice would result, the usual course of applying decisions retroactively should be followed.

The most obvious "prejudice" to Holzsager were the present action dismissed would be the loss of the benefit of New York law. Here her recovery is limited under New York law to the face amount of the insurance policy attached, an amount considerably greater than $10,000., whereas in New Jersey any recovery would be limited to $10,000. by that state's charitable immunity statute. This, however, is not the sort of prejudice that the court can take cognizance of here. The question is not whether Holzsager will lose some tactical advantage, such as that provided by the New York courts' deprecatory attitude towards other states' limitations on liability, if *Rush* is retroactively applied, but whether she would find herself in a worse position than she would have occupied had she commenced her suit in New Jersey in the first place.

A number of courts have declined to dismiss *Seider* actions where, as here, the applicable statute of limitations has run, and the plaintiff would be left with no remedy whatsoever were the suit simply dismissed. *E. g.*, *Guilette v. Alexander*, N.Y.L.J. (April 11, 1980) at 13, col. 1 (Westchester Co. Ct.) (Delaney, J.); *Mei Yuet Chin v. Gray*, Index No. 16016/78 (Sup.Ct., Bronx Co. April 1, 1980) (Bloustein, J.); *Gager v. White*, 428 N.Y.S.2d 808, N.Y.L.J. (May 28, 1980) at 6, col. 4 (Sup.Ct., New York Co.) (Shainswit, J.); *Kalman v. Neuman*, 424 N.Y.S.2d 649 (Sup. Queens Co. 1980) (Hyman, J.). However, if this were the only consideration we believe the better course would be to dismiss the action on the condition that the defendant not, in any subsequent action brought elsewhere within a reasonable period of time, set up the statute as a defense. Similarly, where the plaintiff has incurred litigation expenses, for instance by prosecuting or defending pre-trial motions, or proceeding with discovery, no prejudice will result if the action is dismissed on the condition that in any new suit the issues will be framed as narrowed by the proceedings in New York, and whatever discovery has already occurred will not be rehashed. *But see Carbone v. Erickson* (Sup.Ct., New York Co.) (Sanders, J.). This approach would avoid any duplication of effort and expense, and the delay that would otherwise result from starting all over again.

Here, however, though the parties have hardly been idle during the four years since this suit was commenced, and, we must assume, have absorbed considerable expense as well as considerable delay, the case has not been advanced, the issues have not been

---

3. That Holzsager's reliance was justified cannot be gainsaid: just as the hospital was warranted in not pressing its affirmative defense of lack of personal jurisdiction, a defense based on the constitutional infirmity of *Seider*, prior to the Supreme Court's *Shaffer* decision, so Holzsager was warranted, prior to that decision, in relying on a *Seider* attachment as a sound predicate for personal jurisdiction.

narrowed in any significant way, and little if any discovery has occurred. Instead, Holzsager has been caught up in a web of procedural maneuvering woven predominately by the hospital, which, though it is not to be charged for exercising its rights, has often in this case, as we suggested in our earlier opinion, proceeded with improvident vigour. The fact is that were Holzsager now relegated to another forum, she would be worse off than she would have been had she commenced her suit there in the first place, since if she had done so she would not have incurred the costs and lost the time that she has as a result of the convolutions of this case, which have not advanced it towards a resolution in favor of either party despite the expense and time involved. In these circumstances, where Holzsager herself has not caused the burden and delay that has ensued since this action was commenced, we conclude that it would be unwarranted to apply *Rush* retroactively to dismiss the case at this late date in view of the prejudice she would suffer as a consequence.

While we believe that our disposition of these motions is correct, we recognize that there is substantial ground for difference of opinion as to whether *Rush* should be given retroactive effect, and that an immediate resolution of this question by the Court of Appeals would materially advance not only this litigation, but other *Seider* cases before the district courts in New York as well. Accordingly, we believe that an interlocutory appeal of this order would be appropriate.

For the reasons stated, the defendant's motion to dismiss is denied, and the plaintiff's cross-motion to strike the defendant's second affirmative defense is granted. Leave to appeal pursuant to 28 U.S.C. § 1292(b) is granted.

It is so ordered.