No. 15-0397  -    *Pioneer Pipe, Inc. v. Stephen Swain, Prayman Construction, and J&J General Maintenance, Inc.*

**FILED**

**September 19, 2016**

released at 3:00 p.m.
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Davis, Justice, dissenting:

This was a very simple case in which the majority opinion has confused the law and facts, by injecting irrelevant issues to reach a result that denies the Petitioner (hereinafter referred to as "Pioneer Pipe"), and all other employers in future cases, fundamental due process.  In this case, the majority has determined that the Insurance Commissioner can, *without authorization*, create and impose a policy that denied Pioneer Pipe its statutory due process right to challenge the decision to *not* apportion charges for the claimant's hearing loss claim among all of his former employers.  For the reasons set out below, I dissent.

### *The Majority Opinion Violated Pioneer Pipe's Constitutional Right to Due Process*

I will begin by making a few basic constitutional observations that the majority opinion has pretended do not exist.  It has long been recognized that "a corporation is a 'person' within the meaning of the . . . due process of law clause[.]"  *Grosjean v. Am. Press Co.*, 297 U.S. 233, 244, 56 S. Ct. 444, 447, 80 L. Ed. 660 (1936).  *See Coleman & Williams, Ltd. v. Wisconsin Dep't of Workforce Dev.*, 401 F. Supp. 2d 938, 943 (E.D. Wis. 2005) ("With respect to the Due Process Clause, the Court has long considered the property interests of corporations to be entitled to constitutional protection."); *Trapper Brown Constr.*

1

*Co., Inc. v. Electromech, Inc.*, 358 F. Supp. 105, 106 (D.N.H. 1973) ("Plaintiff corporation may claim the protection of the Fourteenth Amendment[.]").  It has been noted that "[t]o prove both its substantive and procedural due process claims, [a corporation] must prove that it was deprived of a constitutionally protected property . . . interest."  *SDDS, Inc. v. State of S.D.*, 843 F. Supp. 546, 553 (D.S.D. 1994), *rev'd on other grounds*, 47 F.3d 263 (8th Cir. 1995).

To establish a procedural due process claim, a corporation must establish three elements: (1) a constitutionally protected interest; (2) a deprivation of that interest within the meaning of the due process clause; and (3) the government did not afford it adequate procedural rights prior to depriving the corporation of its protected interest. *See Med. Corp., Inc. v. City of Lima*, 296 F.3d 404, 409 (6th Cir. 2002).  Moreover, in order "[t]o prevail on a substantive due process claim, a plaintiff must demonstrate that an arbitrary and capricious act deprived them of a protected property interest."  *County Concrete Corp. v. Town of Roxbury*, 442 F.3d 159, 165 (3d Cir. 2006). The Supreme Court has made clear that property interests are not created by the constitution, itself, but rather by "existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits."  *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701, 2709, 33 L.Ed.2d 548 (1972).

2

In the instant proceeding, Pioneer Pipe was granted a statutory right that protected its property from being arbitrarily and capriciously taken by the Insurance Commissioner. Through the enactment of W. Va. Code § 23-4-6b(g) (2009) (Repl. Vol. 2010), the Legislature outlined the procedure by which multiple employers of an employee could be held liable under the workers' compensation statutes for the employee's hearing loss. The statutory provision states:

> An application for benefits alleging a noise-induced hearing loss shall set forth the name of the employer or employers and the time worked for each. The Insurance Commissioner may allocate to and divide any charges resulting from the claim among the employers with whom the claimant sustained exposure to hazardous noise for as much as sixty days during the period of three years immediately preceding the date of last exposure. The allocation is based upon the time of exposure with each employer. In determining the allocation, the Insurance Commissioner shall consider all the time of employment by each employer during which the claimant was exposed and not just the time within the three-year period under the same allocation as is applied in occupational pneumoconiosis cases.

W. Va. Code § 23-4-6b(g).

The above statute is not complicated. It is not ambiguous in its application to this case. The statute provides that an employee filing a claim for hearing loss must list the names of all employers for whom he or she has worked. The statute then grants the Insurance Commissioner the authority to apportion or allocate the liability for the hearing loss between the employers, or make a fact-specific determination that only one employer

3

will be held liable. The statute also clearly shows that, for any employer to be charged for the hearing loss, it must be shown that the employer exposed the employee "to hazardous noise for as much as sixty days during the period of three years immediately preceding the date of last exposure." W. Va. Code § 23-4-6b(g).

Despite the plain statutory language, the Insurance Commissioner arbitrarily adopted its own policy. The policy states that it will *never* "consider" allocation of charges among employers as is clearly required by the statute. Under the existing policy, the Insurance Commissioner arbitrarily picks an employer from among those listed by the employee and imposes all charges on that employer–regardless of the employee's length of exposure while working for that employer. As a result of this policy, no employer can challenge the basis for being singled out as the exclusive chargeable employer. The majority opinion has determined that since the statute grants the Insurance Commissioner the discretion to consider allocation on a case-by-case basis, the Insurance Commissioner had the authority to adopt a policy that would never consider allocation of charges in any multiple employer hearing loss claim. There is no rule of statutory construction which states that, when a statute grants a government agency discretion to act, the agency may unilaterally create a policy that provides that it will never exercise its statutory discretion. Such an unbridled rule of statutory construction would wreak havoc in all areas of the law where an agency is given discretion to act.

4

Had the Legislature envisioned such a rule of statutory construction, the Legislature simply could have drafted the statute to say that, even though multiple employers may be charged for a hearing loss claim, the Insurance Commissioner "shall" only hold one employer chargeable in all cases. That is not what the statute says. The Insurance Commissioner and the majority opinion have interpreted the statute in that manner, through a new rule of statutory construction that is dangerous and nonsensical.

A plain reading of the statute illustrates that the Insurance Commissioner must make an independent determination in each hearing loss claim as to whether to allocate charges among multiple employers. The reason for this case-by-case determination is that it protects the due process right of an employer to judicially challenge the decision not to allocate charges among multiple employers as well as the right to challenge the sixty-day exposure requirement. These statutory due process rights afford an employer the basis for challenging the charging decision, on the grounds of an abuse of discretion and as being arbitrary and capricious. The Insurance Commissioner's unauthorized policy has stripped Pioneer Pipe of this statutory right to challenge the decision of chargeability for the subject hearing loss claim.

Pioneer Pipe has sustained three injuries because of the unlawful policy imposed by the Insurance Commissioner. First, Pioneer Pipe has been denied its right to

have the Insurance Commissioner make an individual determination of allocation on the merits, so that Pioneer Pipe could appeal the decision on the grounds of an abuse of discretion. Second, under the current policy, Pioneer Pipe has been wrongfully prohibited from having other employers share in the "costs" of a hearing loss claim. Third, under the policy, Pioneer Pipe has been prohibited from showing that it should not be a part of the case at all, because the claimant worked only forty hours for Pioneer Pipe, not sixty days as required by the statute.

In the final analysis, the Insurance Commissioner's policy of never allowing allocation should have been stricken as violating Pioneer Pipe's due process rights. This case should have then been reversed, and the matter sent back to the Commissioner to comply with W. Va. Code § 23-4-6b(g) to determine whether Pioneer Pipe is a chargeable employer and whether allocation should be allowed. If, on remand, the Insurance Commissioner found that Pioneer Pipe was a chargeable employer and that allocation of charges would not be permitted, the Insurance Commissioner should have entered an order setting forth the reasons for its determination. Pioneer Pipe then could have exercised its right to challenge the Insurance Commissioner's case specific findings.

Based upon the foregoing, I dissent.