NORTHERN BLVD. & 80TH STREET CORP. et al., Respondents, *v.* SYDNEY M. SIEGEL, Appellant, et al., Defendants.

First Department, June 28, 1962.

*Clarence S. Barasch* for appellant appearing specially.

*Samuel Fields* for respondents.

*Per Curiam.* Warrants of attachment have been issued in favor of plaintiffs against the moving defendant and the application under review is to vacate the warrants. The grounds of the motion are that the action is not one in which attachment is authorized. The action against the moving defendant is for fraud in connection with the sale of a shopping center, the alleged fraud being representations as to the *bona fides* of a lease, which plaintiffs claim was colorable. Authority for the remedy of attachment is claimed to be found in subdivision 6

of section 903 of the Civil Practice Act which allows the remedy where the defendant " [i]n an action upon contract, express or implied, has been guilty of a fraud in contracting or incurring the liability ".

The difficulty with plaintiffs' claim is that this is not a suit on the contract. Plaintiffs are neither seeking to enforce the contract nor to recover damages for its breach, nor do plaintiffs so contend. The argument is that the subdivision, using the preposition " upon " instead of " on ", is intended to apply to fraud actions where the fraud induced a contract. A brief history of the subdivision belies this construction. The subdivision was added to the section by chapter 253 of the Laws of 1941. The section itself deals with the instances where an attachment may issue in actions on contract. It previously contained a subdivision (subd. 4) which authorized attachment where the defendant had issued a false financial statement. The Judicial Council recommended to the Legislature two extensions of the principle involved in this subdivision — first (subd. 5) to any action which is based on a false financial statement, regardless of whether such action is on contract or in fraud, and, secondly (subd. 6) to any contract action where the contract involved was induced by fraud — whether by false financial statement or any other fraud. It is quite clear that the Judicial Council intended no other construction (see Seventh Annual Report of N. Y. Judicial Council, 1941, p. 409, n. 75; p. 410, n. 76). The section has twice come before Special Term and was held not to embrace tort actions even though a contract was involved (*Haroco Co.* v. *Sahim,* 105 N. Y. S. 2d 977; *American European Export Co.* v. *Safran Co.,* 68 N. Y. S. 2d 174). These decisions accord with the general rule of construction that attachment being an extraordinary remedy, statutes providing therefor should be strictly construed in favor of the party whose property is sought to be attached (see *Penoyar* v. *Kelsey,* 150 N. Y. 77, 80).

The order denying the motion to vacate the warrants of attachment and the levies made thereunder should be reversed on the law and the motion granted, with costs to appellant.

BREITEL, J. P., VALENTE, McNALLY, EAGER and STEUER, JJ., concur.

Order entered on May 3, 1962, denying the motion to vacate the warrants of attachment and the levies made thereunder, unanimously reversed on the law, with $20 costs and disbursements to appellant, and the motion granted. Settle order on notice.