■ LORETTA KALMAN et al., Appellants, v HENRY A. NEUMAN et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from so much of an order of the Supreme Court, Queens County, dated June 21, 1978, as, upon reargument, adhered to its prior determination dismissing the complaint for lack of jurisdiction. Order reversed insofar as appealed from, without costs or disbursements, and matter remanded to Special Term for further proceedings in accordance herewith. Plaintiffs are granted leave, if they be so advised, to apply for an extension of time within which to commence a special proceeding pursuant to CPLR 6214 (subd [d]) to "compel the payment, delivery or transfer * * * of [the personal] property or debts" levied upon. The recent decision of the Court of Appeals in *Baden v Staples* (45 NY2d 889) has sustained the constitutionality of *Seider v Roth* (17 NY2d 111) as a jurisdictional predicate. However, defendants' contention that a failure to perfect or extend the levy within the 90 days provided in CPLR 6214 (subd [e]) could constitute a jurisdictional defect is correct as a matter of law, and might nevertheless warrant the dismissal of the complaint in this negligence action based solely upon a *Seider*-type attachment (see *Seider v Roth,* 28 AD2d 698). Since the present record is wholly insufficient to resolve the underlying factual question, the matter must therefore be remanded to Special Term for further proceedings. We have previously determined in such cases that the time within which to commence a special proceeding to compel payment or delivery (CPLR 6214, subd [d]) may be extended *nunc pro tunc* after the expiration of the initial 90-day period *(Seider v Roth,* 28 AD2d 698, *supra).* The plaintiffs are therefore granted leave to apply for such relief if they be so advised. An extension, if granted, would, of course, be without prejudice to the rights of any intervening lienors (see *Seider v Roth,* 28 AD2d 698, 699, *supra).* Since the matter before us must now be remanded to Special

Term, we decline to pass upon the further issue of whether the complaint should nevertheless be dismissed under the doctrine of *forum non conveniens.* Special Term has yet to pass upon the question and, under the circumstances here present, we deem it advisable for the issue to be decided there in the first instance. Hopkins, J. P., Titone, Mangano and Gulotta, JJ., concur.