OPINION OF THE COURT
Harold Hyman, J.
Plaintiffs move for an order, pursuant to CPLR 6214 (subd [d]), granting to them an "extention of time within which to commence a special proceeding to compel the payment, delivery or transfer * * * 0f * * * the personal property or debts levied upon”, in this matter of policy of automobile liability policy. The motion is opposed by defendants. The pertinent and relevant facts are admitted and are briefly set forth as follows:
On August 2, 1974, while the plaintiff, Ronald Kalman, a resident of the State of New York, was operating his motor vehicle in the State of Pennsylvania, he became involved in a collision with a motor vehicle owned by defendant, Neuman, and operated by defendant, Ferrar. Both Neuman and Ferrar were residents of Pennsylvania. Their vehicle was registered in Pennsylvania and was insured by Nationwide Insurance Company.
On October 3, 1975 plaintiffs obtained an order of attachment, ex parte, pursuant to CPLR 6201 (subd 1) commanding the Sheriff to levy upon "the contractual obligation of Nationwide Mutual Insurance Company to defend and indemnify [the defendants] under a policy of automobile insurance issued to defendant [Neuman] for the purpose of satisfying any judgment that may be obtained by plaintiffs herein * * * and [to] make your return within the time prescribed by law.” Plaintiffs thereupon on October 7, 1975, delivered the "Notice to Attach [such] Specified Debt and/or Property” to the Sheriff of the County of Westchester.
On October 9, 1975 service of a copy of said order of attachment together with a copy of the specification and direction was served upon Nationwide Mutual Insurance Company; the Sheriff’s certificate dated October 10, 1975 so indicates.
*664 On October 16, 1975 the Sheriff made his "Return” stating that "To date no Certificate has been received as to any assets belonging to the defendant.”
On October 29, 1975 said Sheriff made a "Supplemental Return to the Queens County Clerk” stating: "In reply to my demand * * * of October 16, 1975, a Certificate has been received from the firm of Simone & Brant, attorneys for Nationwide Insurance Company, the contents of which are self-explanatory”; the so-entitled certificate, on the stationery of said Simone & Brant, dated October 24, 1975, addressed to the Sheriff and relating to the above matter, further states, in relevant part, as follows:
"Dear Sir: Your letter of October 16 to Nationwide Insurance Company in Harrison, has been referred to me for attention as regional claims attorney for Nationwide.
"This is to certify that we insure Henry A. Neuman, and afford coverage to his vehicle involved in this accident, with bodily injury limits * * * and property damage.
"I understand this is the information you require for your records in connection with the Attachment served on Nationwide.
"I am sending a copy of this letter to attorney * * * who represents the plaintiff, Kalman.
"Very truly yours,
"NATIONWIDE INSURANCE COMPANY B. DANIEL WINN
Regional Claims Attorney”
(Emphasis supplied.)
There is no issue raised by defendants as to the authenticity or propriety of the above "certification” by said communication that attachment upon the policy was duly made by the Sheriff within 90 days, and that for all intents and purposes such communication constituted a delivery of the "policy”, the asset attached, to the Sheriff pursuant to the levy made by said Sheriff upon Nationwide, the garnishee. Certainly it was not necessary, under the circumstances, for Nationwide to deliver to the Sheriff the original policy.
The contention of the defendant that the order of attachment would have expired and would become void 90 days after its date of issuance (CPLR 6214, subd [e]) would have been well taken, were not the facts in this case indicative that the *665 Sheriff, by his levy, "has taken into his actual custody, collected or received” the asset sought to be attached and levied upon (CPLR 6214, subd [e]); the certification letter of Nationwide dated October 24, 1975 addressed to the Sheriff must be deemed meaningful for such purposes, particularly when it "certifies * * * in connection with the attachment [admittedly] served on Nationwide”, and refers specifically to the action, parties, and date of accident herein involved.
This court is of the opinion that under the facts and circumstances of this case, the Sheriff has made due levy and has custody of the "asset” which was delivered to him by the garnishee as of October 24, 1975 and that no extension is necessary; but, should it be deemed necessary by plaintiffs, their time to commence a special proceeding against the garnishee is hereby extended, nunc pro tune as of January 25, 1976 to February 28, 1980, and in the interest of justice the order of attachment is accordingly likewise extended, but subject to the rights of any intervening lienors (Seider v Roth, 28 AD2d 698, 699), and likewise subject to the garnishee Nationwide interposing any defense or counterclaim which he (it) might have interposed against the defendants if sued by him (them) (CPLR 6214, subd [d]); (see decision in this case, Kalman v Neuman, 71 AD2d 996).
The issue raised in defendants’ opposing papers with respect to the constitutionality of subjecting nonresidents to in rem jurisdiction in this State, under the existing factual pattern relevant to Seider v Roth (17 NY2d 111), Simpson v Loehmann (21 NY2d 305, mot for rearg den 21 NY2d 990), Minichiello v Rosenberg (410 F2d 106, affd on reh in banc 410 F2d 117, cert den 396 US 844) and the due process clause of the Fourteenth Amendment has now been determined by the Supreme Court of the United States in Rush v Savchuk (444 US 333) holding that it violated such due process clause. This issue, due process, was simultaneously likewise decided in the companion matter, the products liability case of World-Wide Volkswagen Corp. v Woodson (444 US 297).
Although neither recent decision above-cited spoke of giving either retrospective or prospective effect thereto, this court is of the opinion that to give retrospective effect would cause chaos with regard to final judgments already rendered as to the rights of claimant litigants in matters brought before such decisions against whom the defense of the Statute of Limita *666 tians might now be asserted and, that it would violate public policy of seeking quietude in the administration of justice as well as fairness (Linkletter v Walker, 381 US 618). To apply a rule of retroactivity to those matters terminated and to those pending in reliance upon prior decisions would be unjust, it would, as to cases pending, possibly be depriving the injured litigants of their day in court.
Editorial writers, commenting upon the issue of applying retroactive or prospective operation to an overruling decision have stated that, "It has often been recognized that retroactive operation of an overruling decision is neither required [by the Constitution and its Amendments (Tidal Oil Co. v Flanagan, 263 US 444; Linkletter v Walker, 381 US 618, supra)] nor prohibited by constitutional provisions, and that whether and to what extent a new rule adopted in an overruling decision will be given retroactive effect is thus not a matter of constitutional compulsion, but a matter of judicial policy”. (10 ALR 3d 1371, 1384.)
In addition to the foregoing there is no question that litigants have placed a great deal of reliance upon the determinations emanating out of Seider v Roth (17 NY2d 111, supra), as well as upon its progeny (Donawitz v Danek, 42 NY2d 138), and justifiably so. Such reliance interests should receive and are entitled to adequate protection against retroactivity in applying the recent decisions and to thus prevent unfairness or undue hardship (Harris v Jex, 55 NY 421).
For the foregoing reasons the court herewith refuses to apply the defendant’s propounded theory of retroactivity to the instant matter.
Since defendant has only inferred, but has not thus far raised or moved upon the question of forum non conveniens it must await any future application, if made.