■ 49-50 ASSOCIATES, Appellant-Respondent, v FREE-TAN CORP. et al., Respondents-Appellants. [669 NYS2d 556] —Order, Supreme Court, New York County (Emily Goodman, J.), entered May 23, 1996, which denied plaintiff's motion for summary judgment on the third, fourth, ninth and tenth causes of action of its complaint and denied its motion to dismiss defendants' second affirmative defense and fourth affirmative defense and counterclaim, denied defendants' motion pursuant to CPLR 3216 to dismiss the complaint on the ground that plaintiff failed to timely serve and file a note of issue, granted plaintiff's motion pursuant to CPLR 2004 for an extension of time to file a note of issue, and denied the individual defendants' motions for summary judgment dismissing the third, fourth, ninth and tenth causes of action of the complaint, unanimously modified, on the law, to dismiss defendants' second affirmative defense and fourth affirmative defense and counterclaim, and otherwise affirmed, without costs.

The motion court's denial of defendants' CPLR 3216 motion to dismiss the complaint was proper since plaintiff sufficiently demonstrated the merit of its claims and a reasonable excuse for not filing its note of issue within 90 days after defendants' CPLR 3216 demand was served (*see, Baczkowski v Collins Constr. Co.,* 89 NY2d 499, 503).

The motion court also properly found that triable issues of fact exist with respect to whether the transfer of proceeds from a going-out-of-business sale and inventory from defendant Free-Tan to defendant A&E was fraudulent. While defendants maintain that the transfers occurred in the ordinary course of business and were supported by "fair consideration" (*see, e.g., A/S Domino Mobler v Braverman,* 669 F Supp 592), there is evidence that the subject transfers caused defendant Free-Tan to become insolvent and were made by the corporate defendants, each of which was controlled by the same principals, i.e., the individual defendants, with knowledge of plaintiff's outstanding judgment for unpaid rent. Plainly, these latter circumstances, although not dispositive on the present state of the record, raise factual issues as to whether the subject transfers were indeed made in good faith and for fair consideration, and, accordingly, the motion court's denial of both plaintiff's and defendants' summary judgment motions was appropriate (*see,* Debtor and Creditor Law §§ 272, 273; *Schmitt v Morgan,* 98 AD2d 934, *appeal dismissed* 62 NY2d 914; *Julien J. Studley, Inc. v Lefrak,* 66 AD2d 208, *affd* 48 NY2d 954; *see also, Zuckerman v City of New York,* 49 NY2d 557, 562).

We modify only to the extent of dismissing defendants'

second affirmative defense and fourth affirmative defense and counterclaim. The fourth affirmative defense and the counterclaim for abuse of process, alleging little more than plaintiff's commencement of an action, are not viable (*see, Curiano v Suozzi*, 63 NY2d 113), and since there was no showing of a voluntary relinquishment of a known right by plaintiff, or allegation of the essential elements of an estoppel claim, plaintiff's motion to dismiss defendant's second affirmative defense predicated upon theories of waiver and estoppel should have been granted (*see, Hadden v Consolidated Edison Co.*, 45 NY2d 466; *see also, BWA Corp. v Alltrans Express U.S.A.*, 112 AD2d 850, 853). Concur—Milonas, J. P., Nardelli, Williams and Mazzarelli, JJ.