OPINION OF THE COURT
Bernard J. Fried, J.
At issue is whether newly amended CPLR 7502 (c),[1] when read together with CPLR 2004,[2] allows me the discretion to extend the 30-day time period for commencing arbitration, in order to prevent the expiration of provisional relief pursuant to CPLR 7502 (c), after the 30-day time period has expired.
On July 19, 2006, petitioner, Sierra USA Communications, Inc., sought a temporary restraining order (TRO) freezing respondent’s International Telephone & Satellite Corp. (IT&S or respondent), assets until an attachment could be granted, so that a soon to be commenced arbitration against IT&S would not be rendered ineffectual (sequence No. 001).[3]
On July 21, I granted the TRO. On August 22, 2006, IT&S moved (sequence No. 002) to vacate the TRO on the grounds *530 that, under CPLR 7502 (c), Sierra was required to commence arbitration within 30 days of the granting of the TRO, and that since Sierra did not commence the arbitration until August 24 (34 days after the TRO was granted) I was powerless to extend the 30-day time limit, and the provisional relief was, therefore, no longer effective. Sierra concedes that it commenced arbitration after 30 days had passed; however, it argues that section 7502 (c), read together with section 2004, permitted extension of the 30-day time period, even after it had expired, upon a finding of good cause. Thus, Sierra has requested that the 30-day deadline under section 7502 (c) be extended.
Section 7502 (c), which regulates applications for provisional remedies ancillary to arbitration proceedings, authorizes an order of attachment or a preliminary injunction[4] pursuant to an arbitrable controversy. Such relief can be granted where, absent such provisional relief, the award to which the applicant may be entitled could be rendered ineffectual. (See, e.g., Matter of H.I.G. Capital Mgt. v Ligator, 233 AD2d 270, 271 [1st Dept 1996].)
Prior to 2005, CPLR 7502 (c) provided that if provisional relief was granted before the commencement of arbitration, the time in which arbitration had to be commenced was to be determined in accordance with CPLR articles 62 and 63. In the case of attachment, section 7502 (c) incorporated the 60-day deadline to commence arbitration under CPLR 6213, which required that an “application for extension [be] made before the expiration of the [60-day deadline].”[5]
*531 In 2005, section 7502 (c) was amended to expressly provide that provisional relief is available regardless of whether the arbitration is conducted inside or outside of New York State, and therefore applies to all arbitrations. (See petitioner’s brief, exhibit B [2005 Report of Advisory Comm on Civ Prac, reprinted in 2005 McKinney’s Session Laws of NY, at 2605-2606].) The 2005 amendment also changed the deadline to commence arbitration once provisional relief was granted, from 60 days pursuant to section 6213, to 30 days as expressly provided in the amended text of section 7502 (c). Under the amended section 7502 (c), if arbitration is not commenced within 30 days, the order granting provisional relief “shall expire and be null and void.” Additionally, the court issuing the provisional remedy has discretion to reduce or expand the 30-day time period for good cause shown. It is unclear, on the face of section 7502 (c), whether the 30-day deadline may be extended after it has expired. Furthermore, there appears to be no case law regarding discretion to extend the time period under section 7502 (c), either before or after the 2005 amendment. Thus, it is necessary to turn first to section 2004, which governs extension of time generally. Under section 2004 courts have discretion to extend the time fixed by “any statute,” upon a showing of good cause, “whether the application for extension is made before or after the expiration of the time fixed” (Emphasis added; see also, 49-50 Assoc. v Free-Tan Corp., 248 AD2d 128 [1st Dept 1998] [CPLR 2004 permitted extension of the time to file note of issue, even though the express 90-day deadline under CPLR 3216 had expired, since plaintiff demonstrated reasonable excuse].)
There are three exceptions to the exercise of discretion to extend a deadline under section 2004. The first is where another law or statute provides that a deadline cannot be extended as expressly stated in the relevant section. (“Except where otherwise expressly prescribed by law, the court may extend” [emphasis added].) For example, in Matter of Sakow (97 NY2d 436 [2002]), the Court of Appeals has held that a notice of pendency could not be extended once its three-year time limit had elapsed, since CPLR 6513 explicitly provides that an exten *532 sion can only be granted if applied for before expiration.[6] Unlike section 6513, section 7502 (c) does not expressly provide that the 30-day deadline cannot be extended after such period has elapsed. Rather, it grants discretion to extend the time limit without any reference as to when such discretion must be exercised. Such language can hardly be characterized as prescribing extension after expiration.
The second is that a statute of limitations may not be extended, since CPLR 201 provides “No court shall extend the time limited by law for the commencement of an action.” (See, e.g., Dorst v Eggers Partnership, 265 AD2d 294 [2d Dept 1999].) Since CPLR 7502 (c) is not a statute of limitations, there is no limitation. If the 30-day limit expires under section 7502 (c), and is not extended, the applicant merely loses her right to provisional relief. Nothing in section 7502 (c) prohibits an applicant from commencing arbitration or any action for that matter, once the time limit has expired.
Finally, there is no discretion, even under section 2004, to extend the time in which to file an appeal, since CPLR 5514 (c) expressly provides that “[n]o extension of time shall be granted for taking an appeal or for moving for permission to appeal except as provided in this section, section 1022, or section 5520.”
Thus it seems conclusive that the exceptions are inapplicable and that there is discretion to extend the 30-day time limit under section 7502 (c), upon a showing of good cause, allowing Sierra to commence arbitration while the TRO remains in effect. However, IT&S advances three arguments against such discretion.
IT&S first argues that section 2004 does not apply to provisional remedies, because provisional remedies are drastic in that they operate to limit or restrict a party’s property rights until a final adjudication of the merits, and, as such, must be strictly construed. (See, e.g., Northern Blvd. & 80th St. Corp. v Siegel, 16 AD2d 523, 523-524 [1st Dept 1962].) However, this general observation does not preclude application of CPLR 2004 to provisional remedies. Indeed, the First Department recognized that there is discretion to extend the time limit on a provisional remedy under section 2004:
“The Legislature clearly intended that attachment *533 should be expeditiously pursued and, when it provided that a levy shall become void after 90 days upon failure to proceed (CPLR 6214 [e]), it can hardly be said to have contemplated proceedings extending over a period of years, notwithstanding statutory acknowledgement of the courts’ discretion to enlarge the time limit (ibidCPLR 2004)” (Posadas De Puerto Rico v Gruberman, 226 AD2d 249, 253 [1st Dept 1996] [emphasis added]).
Also worthy of note is the absence of any authority holding that CPLR 2004 is not applicable to provisional remedies.
IT&S next argues that prior to the 2005 amendment of section 7502 (c), there was no discretion to extend the time period to commence arbitration once it had expired. Since the legislative intent behind the 2005 amendment cannot be interpreted to grant such discretion, IT&S claims that I am powerless to extend the 30-day time limit under the amended section 7502 (c) once it has lapsed. As mentioned, before the amendment, an attachment granted under section 7502 (c) prior to the commencement of arbitration incorporated the 60-day deadline to commence under section 6213. And a court may not extend such 60-day deadline once it has lapsed.
It is clear from the legislative history that the 2005 amendment was focused mainly on broadening the statute to include arbitration proceedings held outside of New York State, and did not address the discretion issue. The legislative history mentions the addition of the 30-day deadline in the amendment, without commenting on whether the court can exercise discretion to expand it once it has expired. (See petitioner’s brief, exhibit B [including: Amendment of New York CPLR Section 7502 (c) to Permit Attachment and Preliminary Injunctions in Support of International Arbitration Proceedings In New York and Elsewhere, Joint Report of Intl Commercial Disputes Comm and Comm on Arbitration of Assn of Bar of City of NY, Feb. 11, 2005; CPLR Mem No. 4, New York State Bar Assn, Sept. 26, 2005; 2005 NY Senate Bill S 4837; 2005 NY Assembly Bill A 8296; 2005 Report of Advisory Comm on Civ Prac, op. cii.].) However, the text of amended CPLR 7502 (c) makes it plain that discretion regarding extension was indeed affected by the 2005 amendment.
Prior to the amendment, section 7502 (c) was silent as to discretion to extend the time limit. All that was mentioned regarding time for commencement was that “[t]he provisions of *534 articles 62 and 63 of this chapter shall apply to the application [for provisional remedy], including those relating to . . . the time for commencement of an [arbitration] if the application is made before commencement.” (Former CPLR 7502 [c].) In turn, section 6213, which governs time to commence,[7] expressly provides that the court may only extend the 60-day deadline “provided that the application for extension is made before the expiration of the time fixed.” (Emphasis added.)
The 2005 amendment to section 7502 (c) shortened the time to commence arbitration from 60 days under section 6213 to 30 days, and the Legislature added language expressly stating that there is discretion to extend the new 30-day deadline: “If an arbitration is not commenced within [30] days of the granting of the provisional relief, the order granting such relief shall expire and be null and void . . . The court may reduce or expand this period of time for good cause shown.” Since prior to the 2005 amendment section 7502 (c) was silent as to discretion to extend, inclusion of this last clause warrants the conclusion that the limiting language in section 6213, which prevents extension of the deadline after expiration, is no longer applicable to section 7502 (c).
Finally, IT&S makes various claims that the strength of the language used in section 7502 (c) regarding failure to commence arbitration within 30 days and suggests that the Legislature did not intend to grant discretion to extend after expiration. According to section 7502 (c), if arbitration is not commenced within 30 days, the provisional relief granted shall be rendered both “null” and “void,” and shall “expire.” Though inclusion of these three terms together is unusual, there are numerous cases where courts have found discretion to extend after expiration despite limiting terms used with respect to deadlines. (See, e.g., Kalman v Neuman, 102 Misc 2d 662, 665 [Sup Ct, Queens County 1980] [court extended expired levy after 90-day time limit had expired, notwithstanding that CPLR 6214 (e) provides that a levy “shall be void” after 90 days].) Indeed, where the Legislature prohibits the exercise of discretion to extend a deadline after it has run, the text is clear. (See, e.g., CPLR 6213 [“provided that the application for extension is made before the expiration of the time fixed”]; CPLR 6513 [“Before expiration of a period or extended period, the court . . . for good cause shown, may grant an extension for a like additional period”].)
*535 The fact that section 7502 (c) also grants attorney’s fees to the prejudiced party where arbitration is not commenced within 30 days is also not dispositive. Because attachments and injunctions, both available under section 7502 (c), involve a severe restriction of the respondent’s property rights until adjudication of the merits, attorney’s fees are generally made available to the respondent in the event it is decided that the petitioner was never entitled to such provisional relief. (See Siegel, NY Prac § 306 [4th ed 2005].) That CPLR 7502 (c) makes attorney’s fees available is entirely consistent with this principle, and is unrelated to whether there is discretion to extend the 30-day limit.
I conclude that section 2004 does apply to section 7502 (c). When read together, the two statutory provisions grant discretion to extend the 30-day time limit to commence arbitration under section 7502 (c), even after it has expired. Thus, upon a showing of good cause for delay, the deadline will be extended, and Sierra will be entitled to commence arbitration while the TRO remains in effect.
Shortly after I granted the July 21, 2006 TRO, the parties began settlement negotiations. Negotiations continued until at least August 11, 2006, 21 days after I granted the TRO. (See petitioner’s brief [Sept. 12, 2006], exhibit C.) In light of the possibility of settlement, Sierra, not unreasonably, refrained from commencing arbitration in order to avoid the required $2,500 filing fee. The delay was merely four days beyond the 30-day deadline imposed by section 7502 (c). In light of such a short delay, invalidating the TRO and risking an ineffectual arbitration award would be more prejudicial to Sierra than allowing the TRO to remain in place until a hearing on the attachment would be to IT&S. This is particularly true in light of the fact that the parties have mutually agreed to a modification of the TRO, allowing IT&S to make payments in the ordinary course of business. (See letter from Jeffrey A. Jannuzzo, Esq. [Sept. 22, 2006].) Finally, the delay is alleged to be the result of law office error, in that counsel for Sierra consulted an edition of the CPLR that purported to be current through October 10, 2006, but in fact did not contain the amendment to section 7502 (c), effective October 4, 2005 which shortened the deadline to commence arbitration from 60 days to 30 days. Thus, I find good cause to extend the 30-day deadline to August, 24, 2006, the date on which arbitration was commenced. The TRO will remain in effect until a hearing on the merits of the requested attachment is concluded.
*536 Accordingly, it is hereby ordered that IT&S’s motion to vacate the TRO is denied[8] (sequence No. 002); and it is further ordered that Sierra’s application to extend the 30-day time limit to commence arbitration, pursuant to CPLR 7502 (c), from August 20, 2006 to August 24, 2006, the date on which Sierra commenced arbitration, is granted.

. CPLR 7502 (c) governs provisional remedies in aid of arbitration. It states, in relevant part:
“The Supreme Court. . . may entertain an application for an order of attachment or for a preliminary injunction in connection with an arbitration that is pending or that is to be commenced inside or outside this state . . . but only upon the ground that the award to which the applicant may be entitled may be rendered ineffectual without such provisional relief. The provisions of articles 62 and 63 of this chapter shall apply to the application, including those relating to . . . the time for commencement of an [arbitration] . . . If an arbitration is not commenced within thirty days of the granting of the provisional relief, the order granting such relief shall expire and be null and void and costs, including reasonable attorney’s fees, awarded to the respondent. The court may reduce or expand this period of time for good cause shown.” (As amended by L 2005, ch 703, eff Oct. 4, 2005.)

. CPLR 2004 deals with the courts’ discretion to extend time limits generally:
“Except where otherwise expressly prescribed by law, the court may extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed.”

. In 2005, Sierra and IT&S entered into a purchase agreement whereby Sierra agreed to provide, and IT&S agreed to purchase, telecommunications services between the United States and Mexico. (See affirmation, Efrain Ruvalcaba 1Í 4 [July 17, 2006].) Sierra asserts that it provided those services it *530 agreed to, but that IT&S breached the contract in failing to pay $877,121 owed under the agreement. (See id. at ¶ ¶ 5-6.) Pursuant to the agreement, Sierra prepared to commence arbitration against IT&S under the Rules of Arbitration of the International Chamber of Commerce. (See purchase agreement, exhibit A to affirmation, Efrain Ruvalcaba at § III [N] [1] [July 17, 2006].) However, Sierra first petitioned for provisional remedies, including the TRO, to ensure that such arbitration would not be rendered ineffectual.

. In seeking either an attachment (see CPLR 6210) or a preliminary injunction (see CPLR 6313), a petitioner may obtain a TRO to remain in effect until the motion for the underlying provisional relief is granted or denied. Of course TROs are available pursuant to section 7502 (c). (See, e.g., CanWest Global Communications Corp. v Mirkaei Tikshoret Ltd., 9 Misc 3d 845, 868 [Sup Ct, NY County 2005].) Thus, for purposes of CPLR 7502 (c), the TRO that I granted on July 21, 2006 starts the clock on the 30-day time limit for arbitration to commence.

. When section 7502 (c) was originally enacted in 1985, section 6213 governed the time to commence an action when attachment was already granted, since at that time, service of process commenced an action. With the advent of commencement-by-filing in 1992, section 6213 was amended to gov-
*531 ern “service of summons” rather than commencement of an action. (See Weinstein-Korn-Miller, NY Civ Prac ¶ 6213.01.) No conforming change was ever made to section 7502 (c). Still, courts continued to refer to section 6213 regarding time to commence an arbitration under section 7502 (c). (See, e.g., Mulder v Goldman & Co., 183 Misc 2d 505, 510-511 [Sup Ct, NY County 1999] .)

. CPLR 6513 states in relevant part “A notice of pendency shall be effective for a period of three years from the date of filing. Before expiration of a period or extended period, the court . . . for good cause shown, may grant an extension for a like additional period.” (Emphasis added.)

. See n 5, supra.

. The additional relief sought by IT&S, which included dismissal of the petition, damages, costs, attorney’s fees, and sanctions, is denied.